**ROBERT MANN**, CSB 48293
**DONALD W. COOK**, CSB 116666
ATTORNEYS AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA  90010
(213) 252-9444
(213) 252 0091 facsimile
Email: manncook@earthlink.net

**CYNTHIA   ANDERSON-BARKER**, CSB175764
ATTORNEY AT LAW
3435 Wilshire Blvd., Suite 2910
Los Angeles, CA 90010
(213) 381-3246
(213) 381-0024 facsimile
Email: cablaw@hotmail.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAVIER BRAVO SR., HOPE BRAVO, and E.B., a minor, by her guardian *ad litem* Sara Gonzales, | Case No. CV 06-06851 FMO (SHx) |
| Plaintiffs, | **JOINT AGREED JURY INSTRUCTIONS** |
| vs. | PTC: 6/28/13 |
| CITY OF SANTA MARIA, et al., | Trial: 7/9/13 |
| Defendants. | |

TO HON. FERNANDO M. OLGUIN, UNITED STATES DISTRICT JUDGE:

Pursuant to the Court's 4/30/13 Order, the parties hereby file a Joint Set of Agreed Jury Instructions.

DATED: June 14, 2013

**ROBERT MANN**
**DONALD W. COOK**
Attorneys for Plaintiffs

By_____
Donald W. Cook

-1-

00086907.WPD

1   DATED: June 14, 2013

2          **ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN** LLP

3                          Attorneys for Defendants

4

5

6   By _____

7                    David Cumberland

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00086907.WPD

# INDEX OF AGREED INSTRUCTIONS

| No. | Title | Source | Page No. |
|-----|-------|--------|----------|
| 1 | Duty of Jury (Court Reads and Provides Written Instructions) | 9th Cir. 1.1A | 7 |
| 2 | Burden of Proof - Preponderance of the Evidence | 9th Cir. 1.3 | 8 |
| 3 | Two or More Parties - Different Legal Rights | 9th Cir. 1.5 | 9 |
| 4 | What Is Evidence | 9th Cir. 1.6 | 10 |
| 5 | What Is Not Evidence | 9th Cir. 1.7 | 11 |
| 6 | Evidence for Limited Purpose | 9th Cir. 1.8 | 12 |
| 7 | Direct and Circumstantial Evidence | 9th Cir. 1.9 | 13 |
| 8 | Ruling on Objections | 9th Cir. 1.10 | 14 |
| 9 | Credibility of Witnesses | 9th Cir. 1.11 | 15 |
| 10 | Conduct of the Jury | 9th Cir. 1.12 | 16 |
| 11 | Taking Notes | 9th Cir. 1.14 | 18 |
| 12 | Question to Witnesses by Jurors | 9th Cir. 1.15 | 19 |
| 13 | Jury to Be Guided by Official English Translation/Interpretation | 9th Cir. 1.16 | 20 |
| 14 | Use of Interpreters in Court | 9th Cir. 1.17 | 21 |
| 15 | Bench Conferences and Recesses | 9th Cir. 1.18 | 22 |
| 16 | Outline of Trial | 9th Cir. 1.19 | 23 |
| 17 | Stipulations of Fact | 9th Cir. 2.2 | 24 |
| 18 | Deposition in Lieu of Live Testimony | 9th Cir. 2.4 | 25 |
| 19 | Foreign Language Testimony | 9th Cir. 2.7 | 26 |
| 20 | Use of Interrogatories of a Party | 9th Cir. 2.10 | 27 |
| 21 | Expert Opinion | 9th Cir. 2.11 | 28 |
| 22 | Evidence in Electronic Format | 9th Cir. 2.14 | 29 |

00086907.WPD

| 23 | 9.1  Section 1983 Claim | 9ᵗʰ Cir. Model 9.1 | 31 |
| 24 | Not Necessary to Show Intent to Deprive | *Monroe v Pape*, | 32 |
|    | Constitutional Right | 365 U.S. 167, 187 | |
|    | | (1961); | |
|    | | *Cohen v Norris*, | |
|    | | 300 F.2d 24, 29-30 | |
|    | | (9th Cir. 1962) | |
| 25 | Intent–Defined–Proof of | Devitt, Blackmar | 33 |
|    | | & Wolff, 3 Federal | |
|    | | Jury Practice and | |
|    | | Instructions | |
|    | | § 81.03 (4th ed. | |
|    | | 1987) | |
| 26 | All Persons Equal Before the Law | Devitt, Blackmar | 34 |
|    | | & Wolff, 3 Federal | |
|    | | Jury Practice and | |
|    | | Instructions | |
|    | | § 71.03 (4th ed. | |
|    | | 1987); | |
|    | | *Graham v.* | |
|    | | *Richardson*, 403 | |
|    | | U.S. 365, 371, 372 | |
|    | | (1971), etc. | |
| 27 | Number of Witnesses | Devitt, Blackmar | 35 |
|    | | & Wolff, 3 Federal | |

00086907.WPD

| | | | | |
|---|---|---|---|---|
| | | | Jury Practice and Instructions § 72.13 (4th ed. 1987) | |
| 28 | Single Witness | | Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions § 72.14 (4th ed. 1987) | 36 |
| 29 | Definitions of Warrant, Warrant Affidavit and Probable Cause | | *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011) | 37 |
| 30 | Malice | | Ninth Circuit Manual of Model Instructions 5.5 (2010) (Modified on the assumption of a bifurcated trial on punitive damages). | 38 |
| 31 | 5.1  Damages—proof | | 9th Cir. Model 5.1 | 39 |
| 32 | 5.5  Punitive Damages | | 9th Cir. Model 5.5 | 41 |
| 33 | 3.1 Duty to Deliberate | | 9th Cir. Model 3.1 | 42 |
| 34 | 3.1A Consideration of Evidence - | | 9th Cir. Model 3.1A | 43 |

00086907.WPD

Conduct of the Jury

| 35 | 3.2 Communication with the Court | 9th Cir. Model 3.2 | 45 |
| 36 | 3.3 Return of Verdict | 9th Cir. Model 3.3 | 46 |

00086907.WPD

### INSTRUCTION NO. 1

### Duty of Jury (Court Reads and Provides Written Instructions)

Ladies and gentlemen: You are now the jury in this case. It is my duty to instruct you on the law.

These instructions are preliminary instructions to help you understand the principles that apply to civil trials and to help you understand the evidence as you listen to it. You will be allowed to keep this set throughout the trial to which to refer. This set of instructions is not to be taken home and must remain in the jury room when you leave in the evenings. At the end of the trial, I will give you a final set of instructions. It is the final set of instructions which will govern your deliberations.

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. You must follow the law as I give it to you whether you agree with it or not. And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy. That means that you must decide the case solely on the evidence before you. You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

### AUTHORITY

9th Cir. 1.1A

00086907.WPD

**INSTRUCTION NO. 2**

**Burden of Proof - Preponderance of the Evidence**


When a party has the burden of proof on any claim or affirmative defense by a preponderance of the evidence, it means you must be persuaded by the evidence that the claim or affirmative defense is more probably true than not true.

You should base your decision on all of the evidence, regardless of which party presented it.


**AUTHORITY**

9th Cir. 1.3

00086907.WPD

## INSTRUCTION NO. 3

### Two or More Parties - Different Legal Rights

You should decide the case as to each party separately.  Unless otherwise stated, the instructions apply to all parties.

### AUTHORITY

9th Cir. 1.5

00086907.WPD

# INSTRUCTION NO. 4

## What Is Evidence

The evidence you are to consider in deciding what the facts are consists of:

1.      the sworn testimony of any witness;

2.      the exhibits which are received into evidence; and

3.      any facts to which the lawyers have agreed.

## AUTHORITY

9th Cir. 1.6

00086907.WPD

## INSTRUCTION NO. 5

## What Is Not Evidence

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, will say in their closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence.  You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I give a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

## AUTHORITY

9th Cir. 1.7

**INSTRUCTION NO. 6**

**Evidence for Limited Purpose**

Some evidence may be admitted for a limited purpose only.

When I instruct you that an item of evidence has been admitted for a limited purpose, you must consider it only for that limited purpose and for no other.

**AUTHORITY**

9th Cir. 1.8

00086907.WPD

**INSTRUCTION NO. 7**

**Direct and Circumstantial Evidence**

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

AUTHORITY

9th Cir. 1.9

00086907.WPD

# INSTRUCTION NO. 8

## Ruling on Objections

There are rules of evidence that control what can be received into evidence. When a lawyer asks a question or offers an exhibit into evidence and a lawyer on the other side thinks that it is not permitted by the rules of evidence, that lawyer may object. If I overrule the objection, the question may be answered or the exhibit received. If I sustain the objection, the question cannot be answered, and the exhibit cannot be received. Whenever I sustain an objection to a question, you must ignore the question and must not guess what the answer might have been.

Sometimes I may order that evidence be stricken from the record and that you disregard or ignore the evidence. That means that when you are deciding the case, you must not consider the evidence that I told you to disregard.

## AUTHORITY

9th Cir. 1.10

00086907.WPD

# INSTRUCTION NO. 9

## Credibility of Witnesses

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## AUTHORITY

9th Cir. 1.11

-15-

00086907.WPD

## INSTRUCTION NO. 10

## Conduct of the Jury

I will now say a few words about your conduct as jurors.

First, keep an open mind throughout the trial, and do not decide what the verdict should be until you and your fellow jurors have completed your deliberations at the end of the case.

Second, because you must decide this case based only on the evidence received in the case and on my instructions as to the law that applies, you must not be exposed to any other information about the case or to the issues it involves during the course of your jury duty. Thus, until the end of the case or unless I tell you otherwise:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via e-mail, text messaging, or any Internet chat room, blog, Web site or other feature. This applies to communicating with your fellow jurors until I give you the case for deliberation, and it applies to communicating with everyone else including your family members, your employer, the media or press, and the people involved in the trial, although you may notify your family and your employer that you have been seated as a juror in the case. But, if you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court.

Because you will receive all the evidence and legal instruction you properly may consider to return a verdict: do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as

consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any outside information, please notify the court immediately.

**AUTHORITY**

9th Cir. 1.12

00086907.WPD

**INSTRUCTION NO. 11**

**Taking Notes**


If you wish, you may take notes to help you remember the evidence. If you do take notes, please keep them to yourself until you and your fellow jurors go to the jury room to decide the case. Do not let note-taking distract you. When you leave, your notes should be left in the [courtroom] [jury room] [envelope in the jury room]. No one will read your notes. They will be destroyed at the conclusion of the case.

Whether or not you take notes, you should rely on your own memory of the evidence. Notes are only to assist your memory. You should not be overly influenced by your notes or those of your fellow jurors.


**AUTHORITY**

9th Cir. 1.14

## INSTRUCTION 12

### Question to Witnesses by Jurors

You will be allowed to propose written questions to witnesses after the lawyers have completed their questioning of each witness. You may propose questions in order to clarify the testimony, but you are not to express any opinion about the testimony or argue with a witness. If you propose any questions, remember that your role is that of a neutral fact finder, not an advocate.

Before I excuse each witness, I will offer you the opportunity to write out a question on a form provided by the court. Do not sign the question. I will review the question with the attorneys to determine if it is legally proper.

There are some proposed questions that I will not permit, or will not ask in the wording submitted by the juror. This might happen either due to the rules of evidence or other legal reasons, or because the question is expected to be answered later in the case. If I do not ask a proposed question, or if I rephrase it, do not speculate as to the reasons. Do not give undue weight to questions you or other jurors propose. You should evaluate the answers to those questions in the same manner you evaluate all of the other evidence.

By giving you the opportunity to propose questions, I am not requesting or suggesting that you do so. It will often be the case that a lawyer has not asked a question because it is legally objectionable or because a later witness may be addressing that subject.

AUTHORITY

9th Cir. 1.15

-19-

00086907.WPD

# INSTRUCTION NO. 13

## Jury to Be Guided by Official English Translation/Interpretation

Languages other than English may be used during this trial.

The evidence to be considered by you is only that provided through the official court translators.  Although some of you may know Spanish, it is important all jurors consider the same evidence.  Therefore, you must accept the English translation.  You must disregard any different meaning.

# AUTHORITY

9th Cir. 1.16

00086907.WPD

**INSTRUCTION NO. 14**

**Use of Interpreters in Court**

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

**AUTHORITY**

9th Cir. 1.17

# INSTRUCTION NO. 15

## Bench Conferences and Recesses

From time to time during the trial, it may become necessary for me to talk with the attorneys out of the hearing of the jury, either by having a conference at the bench when the jury is present in the courtroom, or by calling a recess. Please understand that while you are waiting, we are working. The purpose of these conferences is not to keep relevant information from you, but to decide how certain evidence is to be treated under the rules of evidence and to avoid confusion and error.

Of course, we will do what we can to keep the number and length of these conferences to a minimum. I may not always grant an attorney's request for a conference. Do not consider my granting or denying a request for a conference as any indication of my opinion of the case or of what your verdict should be.

## AUTHORITY

9th Cir. 1.18

00086907.WPD

**INSTRUCTION NO. 16**

**Outline of Trial**

Trials proceed in the following way: First, each side may make an opening statement.  An opening statement is not evidence. It is simply an outline to help you understand what that party expects the evidence will show. A party is not required to make an opening statement.

The plaintiffs will then present evidence, and counsel for the defendant may cross-examine. Then the defendant may present evidence, and counsel for the plaintiffs may cross-examine.

After the evidence has been presented, I will instruct you on the law that applies to the case and the attorneys will make closing arguments.

After that, you will go to the jury room to deliberate on your verdict.

**AUTHORITY**

9th Cir. 1.19

00086907.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 17**

**Stipulations of Fact**


   The parties have agreed to certain facts to be placed in evidence as Exhibit 72. You should therefore treat these facts as having been proved.


**AUTHORITY**

9th Cir. 2.2

00086907.WPD

**INSTRUCTION NO. 18**

**Deposition in Lieu of Live Testimony**


A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [witness] was taken on [date].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.


**AUTHORITY**

9th Cir. 2.4

00086907.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INSTRUCTION NO. 19**

**Foreign Language Testimony**

Witnesses who do not speak English or are more proficient in another language testify through an official court interpreter.  Although some of you may know Spanish, it is important that all jurors consider the same evidence.  Therefore, you must accept the interpreter's translation of the witness's testimony.  You must disregard any different meaning.

**AUTHORITY**

9th Cir. 2.7

00086907.WPD

# INSTRUCTION NO. 20

## Use of Interrogatories of a Party

Evidence will now be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side. These answers have been given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures. You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

## AUTHORITY

9th Cir. 2.10

00086907.WPD

**INSTRUCTION NO. 21**

**Expert Opinion**


Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.

Opinion testimony should be judged just like any other testimony. You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.


**AUTHORITY**

9th Cir. 2.11

00086907.WPD

**INSTRUCTION NO. 22**

**Evidence in Electronic Format**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence. (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the [clerk] [bailiff], signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room [with [the clerk] [the bailiff] [me] present for the sole purpose of assuring that the only matter that is discussed is the technical problem.]  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to

00086907.WPD

view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately and refrain from viewing such materials.  Do not remove the computer or any electronic data [disk] from the jury room, and do not copy any such data.

**AUTHORITY**

9th Cir. 2.14

00086907.WPD

# INSTRUCTION NO. 23

## 9.1  Section 1983 Claim

The plaintiffs bring their claims under the federal statute, Title 42 United States Code § 1983, which provides that any person or persons who, under color of law, deprive another of any rights, privileges, or immunities secured by the Constitution or laws of the United States, shall be liable to the injured party.

## AUTHORITY

9th Cir. Model Civil Jury Instructions

00086907.WPD

**INSTRUCTION NO. 24**

**Not Necessary to Show Intent to Deprive Constitutional Right**

Plaintiffs are not required to prove that defendants intended to deprive them of a Constitutional right, only that the defendants, or any of them, intended to do the act or acts which deprived them of a Constitutional right. In other words, plaintiffs need only show an intent to do the act which caused the harm.

**AUTHORITY**

*Monroe v Pape*, 365 U.S. 167, 187 (1961);

*Cohen v Norris*, 300 F.2d 24, 29-30 (9th Cir. 1962)

# INSTRUCTION NO. 25

## Intent–Defined–Proof of

Intent ordinarily may not be proved directly because there is no way of fathoming or scrutinizing the operations of the human mind.  But you may infer a person's intent from surrounding circumstances.  You may consider any statement made or act done or omitted by a party whose intent is in issue, and all other facts and circumstances which indicate his state of mind.

You may consider it reasonable to draw the inference and find that a person intends the natural and probable consequences of acts knowingly done or knowingly omitted.  It is for you to decide what facts have been established by the evidence.

## AUTHORITY

Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions § 81.03 (4th ed. 1987)

# INSTRUCTION NO. 26

## All Persons Equal Before the Law

This case should be considered and decided by you as an action between persons of equal standing in the community, of equal worth, and holding the same or similar stations in life.  All persons stand equal before the law, and are to be dealt with as equals in a court of justice.

+                                          **AUTHORITY**

Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions § 71.03 (4th ed. 1987);

*Graham v. Richardson*, 403 U.S. 365, 371, 372 (1971);

*Takahashi v. Fish & Game Comm.*, 334 U.S. 410, 420 (1948);

*Yick Wo v. Hopkins*, 118 U.S. 356, 369 (1886);

*Truax v Raich*, 239 U.S. 33, 39 (1915).

00086907.WPD

# INSTRUCTION NO. 27

## Number of Witnesses

You are not bound to decide any issue of fact in accordance with the testimony of any number of witnesses which does not produce in your minds, belief in the likelihood of truth, as against the testimony of a lesser number of witnesses or other evidence which does produce such belief in your minds.

The test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence; but which witness, and which evidence, appeals to your minds as being most accurate, and otherwise trustworthy.

## AUTHORITY

Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions § 72.13 (4th ed. 1987)

00086907.WPD

**INSTRUCTION NO. 28**

**Single Witness**


The testimony of a single witness which produces in your minds, belief in the likelihood of truth is sufficient for the proof of any fact, and may justify a verdict in accordance with such testimony, even though a number of witnesses may have testified to the contrary, if, after consideration of all the evidence in the case, you hold greater belief in the accuracy and reliability of the one witness.


**AUTHORITY**

Devitt, Blackmar & Wolff, 3 Federal Jury Practice and Instructions § 72.14 (4th ed. 1987)

00086907.WPD

# INSTRUCTION NO. 29

## Definitions of Warrant, Warrant Affidavit
## and Probable Cause

A warrant is a document, approved and signed by a judge, which authorizes law enforcement personnel to search for and/or seize evidence and/or persons.  A warrant must be supported by probable cause, which is set forth in a warrant affidavit.

A warrant affidavit is a writing, made under oath, by a law enforcement officer who is called the affiant, which explains why there is probable cause to search and/or seize the evidence or person sought. A warrant affidavit must include both material facts which support issuance of the warrant, and those material facts which weigh against issuance of the warrant.

Probable cause means a reasonably intelligent and prudent person would believe that an accused person has committed a crime or that particular evidence linking that person to a crime will be found in a certain location sought to be searched.

To gain the court's approval for the execution of a warrant by a SWAT team during nighttime or early morning hours, the warrant affidavit must meet an even higher standard of justification.

## AUTHORITY

*Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084 (9th Cir. 2011)

**INSTRUCTION NO. 30**

**Malice**


If you find for the plaintiff, you will be asked to determine if the actions of any of the individual defendants were malicious, oppressive or in reckless disregard for any plaintiff's rights.

The plaintiff has the burden of proving by a preponderance of the evidence if a defendant's actions were malicious, oppressive or in reckless disregard for any plaintiff's rights.

Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring the plaintiff.

Conduct is in reckless disregard of the plaintiff's rights if, under the circumstances, it reflects complete indifference to the plaintiff's safety or rights, or if the defendant acts in the face of a perceived risk that its actions will violate the plaintiff's rights under federal law.

An act or omission is oppressive if the defendant injures or damages or otherwise violates the rights of the plaintiff with unnecessary harshness or severity, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

**AUTHORITY**

Ninth Circuit Manual of Model Instructions 5.5 (2010) (Modified on the assumption of a bifurcated trial on punitive damages).

00086907.WPD

## INSTRUCTION NO. 31

### 5.1  Damages—proof

It is the duty of the Court to instruct you about the measure of damages.  By instructing you on damages, the Court does not mean to suggest for which party your verdict should be rendered.

If you find for any plaintiff, you must determine that plaintiff's damages.  The plaintiff has the burden of proving damages by a preponderance of the evidence. Damages means the amount of money that will reasonably and fairly compensate the plaintiff for any injury you find was caused by the defendant.  You should consider the following:

The nature and extent of the injuries;

The disability and or loss of enjoyment of life experienced and which with reasonable probability will be experienced in the future;

The mental, physical, emotional pain and suffering experienced and which with reasonable probability will be experienced in the future;

The reasonable value of necessary medical care, treatment, and services received to the present time;

The reasonable value of necessary repairs to any property which was damaged; and

00086907.WPD

Such sum as will reasonably compensate for any loss of use of any damaged property during the time reasonably required for its repair and/or replacement.

It is for you to determine what damages, if any, have been proved.

Your award must be based upon evidence and not upon speculation, guesswork or conjecture.

## AUTHORITY

9th Cir. Model Civil Jury Instructions

00086907.WPD

**INSTRUCTION NO. 32**

**5.5  Punitive Damages**

Since you have made a finding that one or more defendants acted with malice, oppression and/or in reckless disregard for any plaintiff's rights, you may, but are not required to, award punitive damages. The purposes of punitive damages are to punish a defendant and to deter similar acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

The plaintiff has the burden of proving by a preponderance of the evidence that punitive damages should be awarded, and, if so, the amount of any such damages.

Since you have found that punitive damages are appropriate, you must use reason in setting the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice or sympathy toward any party. In considering the amount of any punitive damages, consider the degree of reprehensibility of the defendant's conduct, including whether the conduct that harmed the plaintiff was particularly reprehensible because it also caused actual harm or posed a substantial risk of harm to people who are not parties to this case.  You may not, however, set the amount of any punitive damages in order to punish the defendant for harm to anyone other than the plaintiff in this case.

In addition, you may consider the relationship of any award of punitive damages to any actual harm inflicted on the plaintiff.

Punitive damages may not be awarded against the City of Santa Maria.

**AUTHORITY**

9th Cir. Model Civil Jury Instructions

00086907.WPD

**INSTRUCTION NO. 33**

**3.1 Duty to Deliberate**


When you begin your deliberations, you should elect one member of the jury as your presiding juror. That person will preside over the deliberations and speak for you here in court.

You will then discuss the case with your fellow jurors to reach agreement if you can do so. Your verdict must be unanimous.

Each of you must decide the case for yourself, but you should do so only after you have considered all of the evidence, discussed it fully with the other jurors, and listened to the views of your fellow jurors.

Do not hesitate to change your opinion if the discussion persuades you that you should. Do not come to a decision simply because other jurors think it is right.

It is important that you attempt to reach a unanimous verdict but, of course, only if each of you can do so after having made your own conscientious decision. Do not change an honest belief about the weight and effect of the evidence simply to reach a verdict.


**AUTHORITY**

9th Cir. Model Civil Jury Instructions

**INSTRUCTION NO. 34**

**3.1A Consideration of Evidence - Conduct of the Jury**

Because you must base your verdict only on the evidence received in the case and on these instructions, I remind you that you must not be exposed to any other information about the case or to the issues it involves. Except for discussing the case with your fellow jurors during your deliberations:

Do not communicate with anyone in any way and do not let anyone else communicate with you in any way about the merits of the case or anything to do with it. This includes discussing the case in person, in writing, by phone or electronic means, via email, text messaging, or any Internet chat room, blog, website or other feature. This applies to communicating with your family members, your employer, the media or press, and the people involved in the trial. If you are asked or approached in any way about your jury service or anything about this case, you must respond that you have been ordered not to discuss the matter and to report the contact to the court. Do not read, watch, or listen to any news or media accounts or commentary about the case or anything to do with it; do not do any research, such as consulting dictionaries, searching the Internet or using other reference materials; and do not make any investigation or in any other way try to learn about the case on your own.

The law requires these restrictions to ensure the parties have a fair trial based on the same evidence that each party has had an opportunity to address. A juror who violates these restrictions jeopardizes the fairness of these proceedings, and a mistrial could result that would require the entire trial process to start over. If any juror is exposed to any

outside information, please notify the court immediately.

## AUTHORITY

9th Cir. Model Civil Jury Instructions

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**INSTRUCTION NO. 35**

**3.2 Communication with Court**

If it becomes necessary during your deliberations to communicate with me, you may send a note through the marshal, signed by your presiding juror or by one or more members of the jury. No member of the jury should ever attempt to communicate with me except by a signed writing; I will communicate with any member of the jury on anything concerning the case only in writing, or here in open court. If you send out a question, I will consult with the parties before answering it, which may take some time. You may continue your deliberations while waiting for the answer to any question. Remember that you are not to tell anyone-including me-how the jury stands, numerically or otherwise, until after you have reached a unanimous verdict or have been discharged. Do not disclose any vote count in any note to the court.

**AUTHORITY**

9th Cir. Model Civil Jury Instructions

00086907.WPD

**INSTRUCTION NO. 36**

**3.3 Return of Verdict**


A verdict form has been prepared for you.  After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.


**AUTHORITY**

9th Cir. Model Civil Jury Instructions

00086907.WPD