1   **ROBERT MANN**, CSB 48293      **CYNTHIA   ANDERSON-**
    **DONALD W. COOK**, CSB 116666   **BARKER**, CSB175764
2   ATTORNEYS AT LAW               ATTORNEY AT LAW
    3435 Wilshire Blvd., Suite 2910  3435 Wilshire Blvd., Suite 2910
3   Los Angeles, CA  90010         Los Angeles, CA 90010
    (213) 252-9444                 (213) 381-3246
4   (213) 252 0091 facsimile       (213) 381-0024 facsimile
    Email: manncook@earthlink.net  Email: cablaw@hotmail.com
5
    Attorneys for Plaintiffs
6

7

8                   **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11  JAVIER BRAVO SR., HOPE BRAVO,      Case No. CV 06-06851 FMO
    and E.B., a minor, by her guardian *ad*    (SHx)
12  *litem* Sara Gonzales,

13                        Plaintiffs,     **JOINT DISPUTED JURY**
                                          **INSTRUCTIONS**
14  vs.
                                          PTC: 6/28/13
15  CITY OF SANTA MARIA, et al.,          Trial: 7/9/13

16                        Defendants.

17

18  TO THE HON. FERNANDO M. OLGUIN, UNITED STATES DISTRICT JUDGE:

19       Pursuant to the Court's 4/30/13 Order, the parties hereby file a Joint Set of

20  Disputed Jury Instructions. This set is divided into three sections:

21       1.   Disputed instructions for which each party proposes an alternate version,

22  including each parties' authority and objections;

23       2.  Plaintiffs' proposed instructions with defendants' objections thereto; and

24       3.  Defendants' proposed instructions with plaintiffs' objections thereto.

25
26  ///
27  ///
28  ///

00086810.WPD

1 | DATED: June 14, 2013

2 | **ROBERT MANN**
**DONALD W. COOK**
3 | Attorneys for Plaintiffs

4 |

5 | By_____
Donald W. Cook

6 |

7 | DATED: June 14, 2013

8 | **ADAMSKI MOROSKI MADDEN CUMBERLAND & GREEN** LLP
Attorneys for Defendants

9 |

10 |

11 |

12 | By_____
David Cumberland

-2-

1

**INDEX OF INSTRUCTIONS**

2

| No. | Title | Source | Page No. |
|---|---|---|---|

3

4

**DISPUTED INSTRUCTIONS FOR WHICH EACH**
**SIDE PROPOSES AN ALTERNATE VERSION**

5

6

| 34 | Plaintiffs' Proposed re: 1.2  Claims and Defenses and objections to defendants' | 9th Cir. Model 1.2 | 9 |

7

8

| | Defendants' Proposed re: 1.2  Claims and Defenses and objections to plaintiffs' | 9th Cir. Model 1.2 | 12 |

9

10

| 36 | Plaintiffs' proposed re: 9.2  Section 1983 Claim Against Defendant in Individual Capacity and objections to defendants' | 9th Cir. Model 9.2 | 14 |

11

12

13

| | Defendants' proposed re: 9.2  Section 1983 Claim Against Defendant in Individual Capacity and objections to plaintiffs' | 9th Cir. Model 9.2 | 16 |

14

15

16

| 37 | Plaintiffs' proposed re: 9.3 section 1983 claim against supervisory defendant in individual capacity and objections to defendants' | 9th Cir. Model 9.3 | 18 |

17

18

19

| | Defendants' proposed re: 9.3 section 1983 claim against supervisory defendant in individual capacity and objections to plaintiffs' | 9th Cir. Model 9.3 | 20 |

20

21

22

| 38 | Plaintiffs' proposed re: 9.6  Section 1983 Claim Against Local Governing Body Defendants Based on Ratification and objections to defendants' | 9th Cir. Model 9.6 | 22 |

23

24

25

| | Defendants' proposed re: 9.6  Section 1983 Claim Against Local Governing Body Defendants Based on Ratification and objections to plaintiffs' | 9th Cir. Model 9.6 | 24 |

26

27

28

00086810.WPD

| No. | Title | Source | Page No. |
|---|---|---|---|
| 39 | Plaintiffs' proposed re: 9.7  Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train and objections to defendants' | 9th Cir. Model 9.7 | 26 |
| | Defendants' proposed re: 9.7  Section 1983 Claim Against Local Governing Body Defendants Based on Policy of Failure to Train and objections to plaintiffs' | 9th Cir. Model 9.7 | 30 |
| 40 | Plaintiffs' proposed re: 9.8  Causation and objections to defendants' | 9th Cir. Model 9.8 | 32 |
| | Defendants' proposed re: 9.8  Causation and objections to plaintiffs' | 9th Cir. Model 9.8 | 33 |

*************************

**Plaintiff's Additional Proposed Instructions to which defendants object**

| No. | Title | Source | Page No. |
|---|---|---|---|
| 35 | 2.3  Judicial Notice | 9th Cir. Model 2.3; *Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011); Court's 8/28/12 Order (doc. 190). | 35 |
| 41 | 9.11/9.18 Particular Rights—fourth Amendment—Unreasonable Search and Seizure—generally | 9th Cir. Model 9.11 and 9.18 | 38 |
| 42 | Reliance upon Department Policy Is Not a Defense | *Graham v. Connor*, 490 U.S. 386, 396 (1989); *California Attorneys for Criminal Justice v. Butts*, 195 F.3d 1039 (9th Cir. 1999), etc. | 41 |

-4-

00086810.WPD

| No. | Title | Source | Page No. |
|---|---|---|---|
| 43 | Testimony of Police Officer | *Darbin v. Nourse*, 664 F.2d 1109, 1114-15 (9th Cir. 1981). | 44 |
| 44 | Notice, Knowledge -- Duty of Inquiry | O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, Section 104.24, p. 148 (5th ed. West 2000). | 46 |
| 45 | Notice -- When Implied | California Civil Code § 19; *see also* California Civil Code § 1714, subd. (a). | 49 |
| 46 | Affiants Are Required to Tell the Whole Truth | *United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985), etc. | 51 |
| 47 | Peace Officer's Duty to Investigate | *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925  (9th Cir. 2001), etc. | 53 |
| 48 | Information Chargeable to a Peace Officer | *Sevigny v. Dicksey*, 846 F.2d 953, 957 n.5 (4th Cir. 1988), etc. | 56 |
| 49 | Officer's Subjective Beliefs Are Irrelevant | *Sevigny v. Dicksey*, 846 F.2d 953, 957 n.5 (4th Cir. 1988), etc. | 58 |
| 50 | Approval of a Warrant Affidavit or Issuance of a Warrant Is Irrelevant to the Issue of the Officer's Reasonableness | *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1310 (9th Cir. 1994), etc. | 62 |

00086810.WPD

| No. | Title | Source | Page No. |
|---|---|---|---|
| 51 | Negligent Supervision of Employee | CACI 426 | 65 |
| 52 | Basic Standard of Care | CACI 401 | 68 |
| 53 | Causation: Substantial Factor | CACI 430 | 70 |
| 54 | Liability of Public Entity | *C.A. v. William S. Hart Union High School District*, 53 Cal.4th 861, 865 (2012),  etc. | 72 |
| 55 | Suppression or Fabrication of Evidence | Vol. 1, Devitt & Blackmar, Section l5.09, p. 464 (West l977). | 75 |
| 56 | Damages re: Eggshell Plaintiff | *Matlock v. Greyhound Lines, Inc.*, 2010 U.S. Dist. LEXIS 92359, *13 (D. Nev. 2010); *Gibson v. County of Washoe*, Nev., 290 F.3d 1175, 1192-93 (9th Cir. 2002); *Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, 1372 at fn.2 (9th Cir. 1987); *Memphis Community School District v. Stachura*, etc. | 77 |
| 56(A) | 9.4  Section 1983 Claim Against Local Governing Body Defendants Based on Official Policy, Practice, or Custom—Elements and Burden of Proof | 9th Cir. Model 9.4; *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084-86 (9th Cir. 2011). | 80 |

00086810.WPD

| No. | Title | Source | Page No. |
|---|---|---|---|

**DEFENDANTS' ADDITIONAL PROPOSED INSTRUCTIONS TO WHICH PLAINTIFFS OBJECT**

| No. | Title | Source | Page No. |
|---|---|---|---|
| 57 | Burden of Proof - Clear and Convincing Evidence | 9th Cir. 1.4 | 84 |
| 58 | Stipulated Testimony | 9th Cir. 2.1 | 86 |
| 59 | Impeachment Evidence - Witness | 9th Cir. 2.8 | 88 |
| 60 | Damages - Mitigation | 9th Cir. 5.3 | 90 |
| 61 | Damages Arising in the Future - Discount to Present Cash Value | 9th Cir. 5.4 | 92 |

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DISPUTED INSTRUCTIONS FOR WHICH

## EACH PARTY PROPOSES AN ALTERNATE VERSION

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 34**

**1.2  Claims and Defenses**

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that defendants violated their constitutional rights by submitting a warrant affidavit without probable cause, and then causing a SWAT break-in, into their home at 5 o'clock in the morning, also without probable cause.  The Court has already determined that the search of plaintiffs' home was unconstitutional because defendant Tanore omitted material information from the warrant affidavit which caused the search and the warrant to lack probable cause. Plaintiffs claim defendant Tanore's omission was more than just negligence; but that he did it intentionally and/or recklessly. In additional to Tanore's individual liability, Plaintiffs claim further, that Tanore's supervisors should also be held liable. Plaintiffs also claim that Tanore and other Santa Maria Police Department employees acted pursuant to the customs, policies and practices of the Santa Maria Police Department, and that they were inadequately trained and therefore the Department is also liable. Plaintiffs claim also that the Santa Maria Chief of Police is also liable because he approved of what Tanore did.

The defendants deny those claims and give the following special instructions:

In the present case, the court has already decided that the search in the Bravo residence was not supported by probable cause.  However, Louis Tanore is not liable to plaintiffs for the search unless you find that he intentionally or recklessly excluded information on the criminal history sheet of Javier Bravo, Jr. indicating that Bravo, Jr. had been sentenced to prison, from the warrant submitted in support of the affidavit.  In addition, if you do not find that Louis Tanore intentionally or recklessly excluded the

00086810.WPD

1   information, you may not find that the City of Santa Maria, Larry Ralston or Danny

2   Macagni are liable for the search.

### PLAINTIFFS' AUTHORITY AND
### OBJECTION TO DEFENDANTS' VERSION

Plaintiffs' version is based upon the 9th Cir. Model Civil Jury Instructions (last updated April 2011), the District Court's August 28, 2012 Ruling on Motion for Partial Summary Judgment ((doc. 190) 8:18-22) and the Ninth Circuit's opinion in this case, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084-86 (9th Cir. 2011).

Plaintiffs object to defendants' version because it mis-states plaintiffs' claims and fails to correctly state the previous findings by the Courts and the law of the case. Defendants' assertion that the liability of all defendants depends on whether defendant Tanore is found to have "intentionally or recklessly omitted the subject sentence from the warrant affidavit," is wrong. Both this Court and the Ninth Circuit have found that Plaintiffs' rights were violated regardless of whether defendant Tanore committed a constitutional wrong. 9/3/08 Order (doc. 116) pp. 16-17; 8/28/12 Order (doc. 190) 8:18-22 ("None of Defendants' arguments can avoid the conclusive effect of the Ninth Circuit's holding that the search warrant was invalid because of the material omission of Javier Jr.'s custody status, and that the warrant in any case did not present cause for a nighttime SWAT search."). The Court's statement at 10:24-11:4 of its 8/28/12 Order on which defendants rely, is not to the contrary. Plaintiffs' 2012 summary judgment motion premised the city's liability on *Tanore* having committed a constitutional wrong as a matter of law; hence, once the Court concluded there was an issue of fact as to Tanore's liability (8/28/12 Order 9:5-10:14), the Court understandably had to deny the motion. Nothing in the Court's 8/28/12 Order, however, purported to change the law that the city

-10-

1   can be held liable even if the jury does not find a particular individual defendant

2   committed a constitutional wrong. *Fairley v. Luman*, 281 F.3d 913, 916-17 (9th Cir. 2002)

3   ("Even more to the point, in *Hopkins v. Andaya*, 958 F.2d 881, 888 (9th Cir.1992), we

4   held that a city could be liable under § 1983 for improper training or improper procedure

5   even if the individual officer charged with violating the plaintiff's constitutional rights

6   was exonerated.").

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' INSTRUCTION NO. 34

### 1.2  Claims and Defenses

To help you follow the evidence, I will give you a brief summary of the positions of the parties:

The plaintiffs claim that Louis Tanore intentionally omitted information regarding a sentence recorded on the criminal history sheet of Javier Bravo, Jr., the son of plaintiffs, Javier Bravo, Sr. and Hope Bravo, and the uncle of plaintiff, E.B., from a warrant affidavit submitted to a magistrate in support of the request for a gang association warrant seeking weapons used in a drive-by shooting.  The plaintiffs also contend that this omission was pursuant to a custom policy and practice of the Santa Maria Police Department and that, as a result, the police department is liable.  The plaintiffs further contend that supervisors Larry Ralston and Danny Macagni are liable because they directed Tanore to omit the information, set acts in motion that resulted in the omission of information, or knew that Tanore was going to omit the information and failed to prevent him from doing so.  The plaintiffs also claim that Danny Macagni is liable because he approved of Tanore's omission of the information.  The plaintiffs have the burden of proving these claims.

The defendants deny those claims and give the following special instructions:

In the present case, the court has already decided that the search in the Bravo residence was not supported by probable cause.  However, Louis Tanore is not liable to plaintiffs for the search unless you find that he intentionally or recklessly excluded information on the criminal history sheet of Javier Bravo, Jr. indicating that Bravo, Jr. had been sentenced to prison, from the warrant submitted in support of the affidavit.  In addition, if you do not find that Louis Tanore intentionally or recklessly excluded the

00086810.WPD

1   information, you may not find that the City of Santa Maria, Larry Ralston or Danny
2   Macagni are liable for the search.

4                        **DEFENDANTS' AUTHORITY AND**
5                     **OBJECTION TO PLAINTIFFS' VERSION**
6
7           Defendants object to this instruction because it does not indicate that none of the
8   defendants can be liable absent proof that Tanore acted recklessly or intentionally. 9th
9   Cir. 1.2; August 28, 2012, Ruling on Motion for Partial Summary Judgment. *Bravo v.*
10  *City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011)

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' INSTRUCTION NO. 36

### 9.2  Section 1983 Claim Against Defendant in Individual Capacity

### Elements and Burden of Proof

To prevail on their § 1983 claim, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    the defendant acted under color of law; and

2.    the acts of the defendant deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation. The parties have stipulated that the defendants acted under color of law, therefore this element is already proven.

The Court has also already determined that plaintiffs' rights under the Fourth Amendment of the United States Constitution have been deprived.

To prevail on their §1983 claim against defendant Tanore specifically, the plaintiffs must prove the additional elements as stated in later instructions.

### PLAINTIFFS' AUTHORITY AND

### OBJECTION TO DEFENDANTS' VERSION

Plaintiffs' version is based upon the 9th Cir. Model Civil Jury Instructions (last updated April 2011), the District Court's August 28, 2012 Ruling on Motion for Partial

00086810.WPD

Summary Judgment and the Ninth Circuit's opinion in this case, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084-86 (9th Cir. 2011).

Plaintiffs object to defendants' version because it fails to include the previous findings by the Courts and the law of the case. Plaintiff has already proven the elements.

00086810.WPD

**DEFENDANTS'  INSTRUCTION NO. 62**

**Section 1983 Claim Against Defendant in Individual Capacity**

**Elements and Burden of Proof**

In order to prevail on their § 1983 claims against the defendants, the plaintiffs must individually prove each of the following elements by a preponderance of the evidence:

1. the defendants acted under color of law; and

2. the acts of the defendants deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.   The parties have stipulated that the defendants acted under color of law.

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction _____, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

**DEFENDANTS' AUTHORITY AND**

**OBJECTION TO PLAINTIFFS' VERSION**

9th Cir. 9.2.

This instruction omits the full language in the last paragraph that refers to a verdict for

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

defendant if plaintiff fails to prove all necessary elements. Alternatively, it is unnecessary and confusing to instruct the jury regarding what plaintiffs must prove and then instruct them that it has already been proven.

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 37**

**9.3 section 1983 claim against supervisory defendant**

**in individual capacity—elements and burden of proof**

To prevail on their § 1983 claim against the supervisory defendants, Larry Ralston and Danny Macagni, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1. the defendant acted under color of law.  This element has been established and requires no further proof;

2. the acts of the defendant's subordinates deprived the plaintiffs of their particular rights under the United States Constitution; This element has been established and requires no further proof; and

3. the defendant directed his subordinates in the acts that deprived the plaintiffs of these rights.

OR

3. the defendant set in motion a series of acts by his subordinates that he knew or reasonably should have known would cause the subordinates to deprive the plaintiffs of these rights.

OR

3. (a) the defendant knew, or reasonably should have known, that his subordinates were engaging in these acts and that their conduct would deprive the plaintiffs of these rights; and

(b) the defendant failed to act to prevent his subordinates from engaging in such conduct.

00086810.WPD

1  If you find the plaintiffs have proved each of these elements, your verdict should be for
2  the plaintiffs. If, on the other hand, the plaintiffs have failed to prove any one or more of
3  these elements, your verdict should be for the defendant.

4

5  **PLAINTIFFS' AUTHORITY AND**
6  **OBJECTION TO DEFENDANTS' VERSION**

7

8      Plaintiffs' version is based upon the 9th Cir. Model Civil Jury Instructions (last
9  updated April 2011), the District Court's August 28, 2012 Ruling on Motion for Partial
10 Summary Judgment and the Ninth Circuit's opinion in this case, *Bravo v. City of Santa*
11 *Maria*, 665 F.3d 1076 (9th Cir. 2011).

12     The parties' main difference with regard to this instruction is the second element.
13 Plaintiffs object to defendants' version because it mis-states plaintiffs' claims and fails
14 to correctly state the previous findings by the Courts and the law of the case. As
15 explained, the liability of the other defendants is not completely dependent upon Tanore's
16 state of mind. Even if the jury does not find Tanore specifically liable, the supervisors can
17 still be held liable for the constitutional violation. *Chism v. Washington*, 661 F.3d 380,
18 392 (9th Cir. 2011) ("[W]e have held that a 'deliberate or reckless omission by a
19 government official who is not the affiant can be the basis for a [suppression claim under
20 *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)].' *United States*
21 *v. DeLeon*, 979 F.2d 761, 764 (9th Cir.1992).". *See also Sarmiento v. County of Orange,*
22 2012 U.S. App. LEXIS 21969, *6 (9th Cir. 20120) citing *Gibson v. County of Washoe*,
23 290 F.3d 1175, 1186 n. 7 (9th Cir. 2002). Even if the jury were to believe Tanore's
24 defense, they could still find that another officer, such as Lara, caused the constitutional
25 violation and that these supervisors are liable for it based on their conduct as described
26 in the third element.
27

28

# DEFENDANTS' INSTRUCTION NO. 62

## Section 1983 Claim Against Supervisory Defendant in

## Individual Capacity - Elements and Burden of Proof

In order to prevail on their § 1983 claim against the supervisory defendants, Larry Ralston and Danny Macagni, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     the defendant acted under color of law;

2.     the acts of Louis Tanore deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions; and

3.     the defendant directed Louis Tanore to omit the sentencing information and that deprived the plaintiffs of these rights.

or

the defendant set in motion a series of acts by Louis Tanore that he knew or reasonably should have known would cause Tanore to omit sentencing information and to deprive the plaintiff of these rights.

or

[(a)     the defendant knew, or reasonably should have known, that Louis Tanore was omitting sentencing information and that his conduct would deprive the plaintiffs of these rights; and

(b)     the defendant failed to act to prevent his subordinates from engaging in such conduct.

A person acts "under color of law" when the person acts or purports to act in the

-20-

performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that the defendant acted under color of law.

If you find the plaintiff has proved each of these elements, and if you find that the plaintiff has proved all the elements they are required to prove under Instruction _____, your verdict should be for the plaintiff.  If, on the other hand, the plaintiff has failed to prove any one or more of these elements, your verdict should be for the defendant.

## DEFENDANTS' AUTHORITY AND
## OBJECTION TO PLAINTIFFS' VERSION

9th Cir. 9.3

This instruction should be modified to make it clear to the jury that the "acts" covered in the instructions refer only to the reckless or intentional omission of sentencing information from the warrant affidavit. "Plaintiffs also ask the Court to rule that Chief Macagni is personally liable because he ratified Tanore's unconstitutional act.  Because there are triable issues of fact concerning Tanore's liability, any ruling on Macagni's liability would be premature and advisory." August 28,20 12, Order Re: Plaintiffs' Motion for Partial Summary Judgment 14:24-28.

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 38**

**9.6  Section 1983 Claim Against Local Governing Body**

**Defendants Based on Ratification—elements and Burden of Proof**

To prevail on their § 1983 claim against defendants City of Santa Maria, Santa Maria Police Department and former Chief Macagni alleging liability based on ratification by a final policymaker, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.   Santa Maria officials acted under color of law. This element has been established and requires no further proof;

2.   The acts of the Santa Maria officials deprived the plaintiffs of their particular rights under the United States Constitution.  This element has been established and requires no further proof;

3.   The Santa Maria Chief of Police acted under color of law. This element has been established and requires no further proof;

4.   The Santa Maria Chief of Police had final policymaking authority from defendant City of Santa Maria and Santa Maria Police Department concerning the acts of Santa Maria officials. This element has been established and requires no further proof; and

5.     The Santa Maria Chief of Police ratified the Santa Maria official(s)' acts and the basis for those acts, that is, the Chief of Police knew of and specifically approved of the employee(s)' acts.

If you find the plaintiffs have proved each of these elements, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant.

## PLAINTIFFS' AUTHORITY AND
## OBJECTION TO DEFENDANTS' VERSION

Plaintiffs' version is based upon the 9th Cir. Model Civil Jury Instructions (last updated April 2011), the District Court's August 28, 2012 Ruling on Motion for Partial Summary Judgment and the Ninth Circuit's opinion in this case, *Bravo v. City of Santa Maria*, 665 F.3d 1076 (9th Cir. 2011).

Plaintiffs object to defendants' version because it mis-states plaintiffs' claims and fails to correctly state the previous findings by the Courts and the law of the case. As explained, the liability of the other defendants is not completely dependent upon Tanore's state of mind. Even if the jury does not find Tanore specifically liable, the City, Department and Chief can still be held liable for ratifying the constitutional violation. *Chism v. Washington*, 661 F.3d 380, 392 (9th Cir. 2011) ("[W]e have held that a 'deliberate or reckless omission by a government official who is not the affiant can be the basis for a [suppression claim under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)].' *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir.1992).". *See also Sarmiento v. County of Orange,* 2012 U.S. App. LEXIS 21969, *6 (9th Cir. 20120) citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1186 n. 7 (9th Cir. 2002).

00086810.WPD

# DEFENDANTS'  INSTRUCTION NO. 63

## Section 1983 Claim Against Local Governing Body Defendants
## Based on Ratification - Elements and Burden of Proof

In order to prevail on their § 1983 claim against defendant City of Santa Maria, alleging liability based on ratification by a final policymaker, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      Louis Tanore acted under color of law;

2.      the omission of sentencing information by Louis Tanore deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions;

3.      Danny Macagni acted under color of law;

4.      Danny Macagni had final policymaking authority from defendant City of Santa Maria concerning the acts of Louis Tanore; and

5.      Danny Macagni ratified Louis Tanore's omission of sentencing information and the basis for it, that is, Danny Macagni knew of and specifically approved of Louis Tanore's omission.

A person acts "under color of law" when the person acts  or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that defendants Tanore and Macagni acted under color of law.

I instruct you that Danny Macagni had final policymaking authority from defendant City of Santa Maria concerning the acts at issue and, therefore, the fourth element requires no proof.

00086810.WPD

If you find the plaintiffs have proved each of these elements, and if you find that the plaintiffs have proved all the elements they are required to prove under Instruction _____, your verdict should be for the plaintiff. If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendants.

**DEFENDANTS' AUTHORITY AND**

**OBJECTIONS TO PLAINTIFFS' VERSION**

9th Cir. 9.6. This instruction should be modified to make it clear to the jury that the "acts" covered in the instructions refer only to the reckless or intentional omission of sentencing information from the warrant affidavit. "Because there are triable issues of fact concerning whether Tanore's conduct triggers any liability, it is premature to rule on the City's derivative *Monell* liability." August 28, 2012, Order Re: Plaintiffs' Motion for Partial Summary Judgment 15:20-22. The cases cited by plaintiffs do not change this prior ruling. The liability in this case derives solely from the actions of Tanore and is dependent on a finding that Tanore is liable as outlined in the Ninth Circuit Appellate case and the prior motion for Partial Summary Judgment.

## PLAINTIFFS' INSTRUCTION NO. 39

### 9.7  Section 1983 Claim Against Local Governing Body Defendants

### Based on Policy of Failure to Train—Elements and Burden of Proof

To prevail on their § 1983 claim against defendants City of Santa Maria and Santa Maria Police Department alleging liability based on a policy of failure to train its police officers and employees, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.    The acts of the Santa Maria officials deprived the plaintiffs of their particular rights under the United States Constitution. This element has been established and requires no further proof;

2.    The Santa Maria officials acted under color of law. This element has been established and requires no further proof;

3.    The training policies of the defendant City of Santa Maria and Santa Maria Police Department were not adequate to train its police officers and employees to handle the usual and recurring situations with which they must deal;

4.    The defendant City of Santa Maria and Santa Maria Police Department was deliberately indifferent to the obvious consequences of its failure to train its police officers and employees adequately; and

00086810.WPD

5.      The failure of the defendant City of Santa Maria and Santa Maria Police Department to provide adequate training caused the deprivation of the plaintiffs' rights by the Santa Maria officials; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  The plaintiffs may prove deliberate indifference in this case by showing that the defendant City of Santa Maria and/or Santa Maria Police Department knew their failure to train adequately made it highly predictable that its officials would engage in conduct that would deprive persons such as the plaintiffs of their rights.

If you find the plaintiffs have proved each of these elements, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or more of these elements, your verdict should be for the defendant.

## PLAINTIFFS' AUTHORITY AND OBJECTIONS TO DEFENDANTS' VERSION

Plaintiffs' version is based upon the 9th Cir. Model Civil Jury Instructions (last updated April 2011), the District Court's August 28, 2012 Ruling on Motion for Partial Summary Judgment and the Ninth Circuit's opinion in this case, *Bravo v. City of Santa Maria*, 665 F.3d 1076, 1084-86 (9th Cir. 2011).

Plaintiffs object to defendants' version because it mis-states plaintiffs' claims and fails to correctly state the previous findings by the Courts and the law of the case. As explained, the liability of the other defendants is not completely dependent upon Tanore's

state of mind. Even if the jury does not find Tanore specifically liable, the City and Department can still be held liable for the constitutional violation. *Chism v. Washington*, 661 F.3d 380, 392 (9th Cir. 2011) ("[W]e have held that a 'deliberate or reckless omission by a government official who is not the affiant can be the basis for a [suppression claim under *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978)].' *United States v. DeLeon*, 979 F.2d 761, 764 (9th Cir.1992).". *See also Sarmiento v. County of Orange*, 2012 U.S. App. LEXIS 21969, *6 (9th Cir. 20120) citing *Gibson v. County of Washoe*, 290 F.3d 1175, 1186 n. 7 (9th Cir. 2002).  In *Gibson* the Court states:

> The municipal defendants (the County and its policy-makers, Sheriff Kirkland and Chief Deputy Sheriff Wright) assert that if we conclude, as we do, *see infra*, that the individual deputy defendants are not liable for violating Gibson's constitutional rights, then they are correspondingly absolved of liability. Although there are certainly circumstances in which this proposition is correct . . . it has been rejected as an inflexible requirement by both this court and the Supreme Court.
>
> For example, a municipality may be liable if an individual officer is exonerated on the basis of the defense of qualified immunity, because even if an officer is entitled to immunity a constitutional violation might still have occurred. *See, e.g., Chew v. Gates*, 27 F.3d 1432, 1438-39 (9th Cir.1994). Or a municipality may be liable even if liability cannot be ascribed to a single individual officer. *Owen v. City of Independence*, 445 U.S. 622, 652, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (a " 'systemic' injury" may "result not so much from the conduct of any single individual, but from the interactive behavior of several government officials, each of whom may be acting in good faith.") (citation omitted). And in *Fairley v. Luman*, 281 F.3d

00086810.WPD

913 (9th Cir. 2002), we explicitly rejected a municipality's argument that it could not be held liable as a matter of law because the jury had determined that the individual officers had inflicted no constitutional injury. *Id.* at 916. "If a plaintiff established he suffered constitutional injury by the City, the fact that individual officers are exonerated is immaterial to liability under § 1983." *Id.* (emphasis in original); *see also Hopkins v. Andaya*, 958 F.2d 881 (9th Cir.1992).

**DEFENDANTS' INSTRUCTION NO. 64**

**Section 1983 Claim Against Local Governing Body Defendants**

**Based on Policy of Failure to Train - Elements and Burden of Proof**

In order to prevail on their § 1983 claim against defendant City of Santa Maria alleging liability based on a policy of failure to train its police officers, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.     City of Santa Maria's police officers acted under color of law;

2.     the training policies of the defendant City of Santa Maria were not adequate to train its police officers to handle the usual and recurring situations with which they must deal;

3.     the defendant City of Santa Maria was deliberately indifferent to the obvious consequences of its failure to train its police officers adequately; and

4.     the failure of the defendant City of Santa Maria to provide adequate training caused the deprivation of the plaintiffs' rights by Louis Tanore; that is, the defendant's failure to train is so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

A person acts "under color of law" when the person acts or purports to act in the performance of official duties under any state, county, or municipal law, ordinance, or regulation.  The parties have stipulated that Louis Tanore acted under color of law.

"Deliberate indifference" is the conscious choice to disregard the consequences of one's acts or omissions.  The plaintiffs may prove deliberate indifference in this case by showing that the defendant City of Santa Maria knew its failure to train adequately made

00086810.WPD

1   it highly predictable that its police officers would engage in conduct that would deprive

2   persons such as the plaintiffs of their rights.

3          If you find the plaintiffs have proved each of these elements, and if you find that

4   the plaintiffs have proved all the elements they are required to prove under Instruction

5   _____, your verdict should be for the plaintiffs.  If, on the other hand, the plaintiffs

6   have failed to prove any one or more of these elements, your verdict should be for the

7   defendants.

8

9

10                    **DEFENDANTS' AUTHORITY AND**

11                 **OBJECTIONS TO PLAINTIFFS' VERSION**

12   9th Cir. 9.7.  This instruction is misleading and overbroad. While the Ninth Circuit did

13   purport to make a finding regarding probable cause/deprivation of rights, it did not make

14   a finding that the acts of Santa Maria officials caused the deprivation. "Because there are

15   triable issues of fact concerning whether Tanore's conduct triggers any liability, it is

16   premature to rule on the City's derivative *Monell* liability." August 28, 2012, Order Re:

17   Plaintiffs' Motion for Partial Summary Judgment 15:20-22.  The cases cited by plaintiffs

18   do not change this prior ruling as they refer to qualified immunity cases and cases where

19   the specifically acting officer was not identified. The liability in this case derives solely

20   from the actions of Tanore and is dependent on a finding that Tanore is liable as outlined

21   in the Ninth Circuit Appellate case and the prior motion for Partial Summary Judgment.

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 40

### 9.8  Causation

To establish that the acts of the defendants Ralston, Macagni, or of any other members of the Santa Maria Police Department deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.

The Court has already determined that Tanore's omission of material information from the warrant affidavit caused the deprivation of plaintiffs' constitutional rights.

### PLAINTIFFS' AUTHORITY AND
### OBJECTIONS TO DEFENDANTS' VERSION

Plaintiffs' version is the 9th Cir. Model Civil Jury Instruction almost verbatim. Plaintiffs' version has the added sentence that explains the rulings of this Court and the Ninth Circuit which are the law of the case. This sentence is required because the jury should not be lead to believe they have to determine something that has already been determined by the Court.

00086810.WPD

**DEFENDANTS'  INSTRUCTION NO. 65**

**Causation**


In order to establish that the acts of the defendants deprived the plaintiffs of their particular rights under the United States Constitution as explained in later instructions, the plaintiffs must prove by a preponderance of the evidence that the acts were so closely related to the deprivation of the plaintiffs' rights as to be the moving force that caused the ultimate injury.


**DEFENDANTS' AUTHORITY AND**

**OBJECTIONS TO PLAINTIFFS' VERSION**

9th Cir. 9.8.  If plaintiffs' position is that causation has been established, it requires no further proof and, as a result, it is unnecessary to instruct the jury with regard to this issue.  However, as discussed with regard to plaintiffs' proposed instruction 9.7, there is a clear causation issue related to the acts of officials/supervisors.

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' PROPOSED INSTRUCTIONS**

**TO WHICH DEFENDANTS OBJECT**

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' INSTRUCTION NO. 35**

**2.3  Judicial Notice**

The court has decided to accept as proved the following facts and findings of law:

Tanore omitted from the warrant affidavit the fact that on September 30, 2005, Javier Bravo Jr., was sentenced to state prison for a term of two years.

The omitted fact was material.

It was unreasonable for Tanore to have omitted this fact from the warrant affidavit.

Because of the material omission in the Tanore warrant affidavit, the search warrant executed on the Bravo residence on April 26, 2006 was not supported by probable cause. The search warrant was invalid.

There was therefore no probable cause to enter plaintiffs' home.

There was also no reasonable basis for the use of a SWAT team at 5 o'clock in the morning to execute the warrant.

The search of plaintiffs' home was unconstitutional.

The omitted material was important for the magistrate reviewing this affidavit to know it because even though that information does not say specifically whether Javier, Jr. was still in prison, it would have informed the magistrate that Javier, Jr. might still be in prison, which would have caused the magistrate to ask for  more information concerning Javier, Jr.'s whereabouts.

Had the magistrate been given this information, it is extremely doubtful that the magistrate would have issued the warrant or authorized the nighttime service by the SWAT team, without requiring more information from Tanore.

Defendant Tanore is not entitled to qualified immunity for having omitted this material fact.

00086810.WPD

1   Tanore and the Santa Maria Police Department enlisted the Santa Barbara Police
2   Department to use their SWAT team to execute the search warrant at the Bravos' home.
3   Because the SWAT team broke into the home without giving the Bravos' an opportunity
4   to answer the door first, that entry and search violated the Bravos' rights under the Fourth
5   Amendment of the United States Constitution.
6       Tanore's omission of material information from the warrant affidavit caused the
7   violation of plaintiffs' Fourth Amendment rights.
8       You must accept these facts and findings of law as true.
9       These findings of facts and law do not preclude the jury from finding that other
10  additional facts were omitted and/or misstated.
11
12
13                          **PLAINTIFFS' AUTHORITY**
14      Plaintiffs' version is based upon the 9th Cir. Model Civil Jury Instructions (last
15  updated April 2011), the District Court's August 28, 2012 Ruling on Motion for Partial
16  Summary Judgment and the Ninth Circuit's opinion in this case, *Bravo v. City of Santa*
17  *Maria*, 665 F.3d 1076, 1084-86 (9th Cir. 2011).  This instruction is required because the
18  jury should not be lead to believe they have to determine issues that have already been
19  determined by the Court.
20

**DEFENDANTS' OBJECTIONS**

Defendants object to this instruction on the grounds that it contains item that are inappropriate for judicial notice.  While federal rule of evidence provides that judicially noticed facts may exist when they are not subject to a reasonable dispute incapable of accurate and ready determination and a court may take judicial notice of the existence of matters of public record, it may not take judicial notice of the substance of decisions, findings of fact, or findings of law contained therein.  *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).  (The court may take judicial notice of another court's opinion, but not the truth of the facts cited therein.)  In addition, defendants object to this request for judicial notice as it is incomplete with regard to findings by the Ninth Circuit and the Trial Court on prior motion for summary judgment in this matter and it is unnecessarily duplicative of other instructions.

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 41**

**9.11/9.18 Particular Rights—Fourth Amendment**

**Unreasonable Search and Seizure—generally**

As previously explained, the plaintiffs have the burden to prove that the acts of the defendant Tanore and/or other members of the Santa Maria Police Department deprived the plaintiffs of particular rights under the United States Constitution. In this case, the plaintiffs allege the defendant Tanore deprived them of their rights under the Fourth Amendment to the Constitution when he submitted a warrant affidavit which included material omissions and therefore did not establish probable cause, which in turn caused the SWAT team to break into plaintiffs' home, the home to be searched, and plaintiffs to be seized, all pursuant to the unlawful warrant.

Under the Fourth Amendment, a person has the right to be free from an unreasonable search of his or her residence, and from an unreasonable seizure of his or her person. The Court has already determined that the plaintiffs' Fourth Amendment rights were violated because Tanore omitted material information from the warrant affidavit.

To prove specifically that defendant Tanore deprived the plaintiffs of this Fourth Amendment right, the plaintiffs must prove the following elements by a preponderance of the evidence:

1. Tanore submitted a warrant affidavit that had material omissions and therefore lacked probable cause. This element has already been established and requires no further proof; and

2. Tanore intentionally or recklessly omitted material information from his affidavit.

00086810.WPD

The underlying constitutional violation has already been proven as to the other defendants.

### PLAINTIFFS' AUTHORITY

This instruction is a combination of sections 9.11 and 9.18 of the 9th Cir. Model Civil Jury Instructions. The model instructions have been modified because the model instructions do not contain one specific instruction applicable to the facts of this case. The proposed  instruction also includes the law of the case as it has already been decided by this Court and the Ninth Circuit. *Bravo v. City of Santa*, 665 F.3d 1076, 1084-86, (9th Cir. 2011); see also Court's 8/28/12 Order (doc. 190) 8:18-22. This instruction is necessary because the other instructions regarding §1983 liability refer to this instruction repeatedly (as "later instruction").  This is the only instruction that explains the actual constitutional violations and how they relate to the facts of the case and to the decisions the jury is being asked to make.

"In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered." *Swinton v. Potomac Corp.*, 270 F.3d 794, 802 (9th Cir.2001) (*cert denied*, 535 U.S. 1018 (2002). A party has "of course, the right to require that [a] general instruction be supplemented by another calling attention to" the law more particularly governing the case. *Louisville & N. R. Co. v. Holloway*, 246 U.S. 525, 528 (1918) (Brandeis; *see Soule v. General Motors Corporation*, 8 Cal.4th 548, 572 (1994) ("A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by him which is supported by substantial evidence. The trial court may not force the litigant to rely on abstract generalities, but must instruct in specific terms that relate the party's theory to the particular case.")

00086810.WPD

1

**DEFENDANTS' OBJECTIONS**

2   Defendants object to this instruction on the grounds that it is unnecessarily repetitive.

3   The instruction unnecessarily refers to omission of information from the warrant affidavit

4   three times while, at the same time, repeating that the court has already established lack

5   of probable cause.  The instruction should be streamlined to avoid unduly prejudicing

6   defendants.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**PLAINTIFFS' INSTRUCTION NO. 42**

**Reliance upon Department Policy Is Not a Defense**

A peace officer may not justify his conduct on grounds that his conduct was in conformity with the policy or practice of his department.  The test is whether the conduct was objectively reasonable, not whether the person acted in compliance with department policy or practice.

In this case, the Court has already found that Tanore's omission of the material fact was not objectively reasonable. To determine his liability, you need only determine if he acted intentionally or recklessly when he omitted the information.

**PLAINTIFFS' AUTHORITY**

This instruction is a correct statement of the law. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *California Attorneys for Criminal Justice v. Butts*, 195 F.3d 1039 (9th Cir. 1999) (no qualified immunity for officers who followed department policy to disregard *Miranda* rights).

This instruction is necessary. A jury must be given all the applicable law before they make their decision.  Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). Further, "the instructions must allow the jury to determine the issues presented intelligently."*Fikes v. Cleghorn,* 47 F.3d 1011, 1013 (9th Cir. 1995).

"[J]urors' general sense of fairness mitigates against blaming an officer for causing a constitutional injury when he merely carried out department policy as an obedient

employee." Douglas L. Colbert, *Bifurcation of Civil Rights Defendants: Undermining Monell in Police Brutality Cases*, 44 Hast. L.J. 499, 548 (1993). While it may be true that a jury is less likely to blame the officer when the department is at fault for not training him properly, the jury cannot be mislead that it would be proper for them to find a defendant not liable based solely on that, nor that it would be proper to find there was no constitutional violation, based solely on that. For example, if Tanore testifies and is believed that he was trained to omit custody information from warrant affidavits, the jury cannot find in his favor based on that because it is not a defense. His conduct is judged using an objective standard. If an objective, well-trained police officer would know that the custody information should be included in a warrant affidavit, then Tanore cannot escape liability, regardless of his so-called training.

00086810.WPD

**DEFENDANTS' OBJECTIONS**

This instruction is entirely unnecessary if, as plaintiffs contend, the court has already determined that the omission of fact was not objectively reasonable.  The jury should simply be instructed that they must determine whether Tanore acted intentionally or recklessly.  If there is no issue before the court of whether Tanore's actions were objectively reasonable, there is no purpose in instructing the jury that compliance with the policy does not per se establish objective reasonableness.  Furthermore, the issue discussed in *California Attorneys for Criminal Justice v. Butts*, 195 F.3d 1039 (9th Cir. 1999) is regarding qualified immunity which the court has already determined does not apply.  Therefore, this entire instruction is unnecessary.

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 43
### Testimony of Police Officer

The testimony of a police officer or former police officer is entitled to no special or exclusive sanctity. A police officer who takes the witness stand subjects his testimony to the same examination and the same tests that any other witness does, and in the case of police officers you should not believe them merely because they are police officers. You should recall their demeanor on the stand, their manner of testifying, the substance of their testimony, and weigh and balance it just as carefully as you would the testimony of any other witness. People employed by the government, including Santa Maria Police Department employees, do not stand in any higher station in the community than other persons, and their testimony is not entitled to any greater weight.

### PLAINTIFFS' AUTHORITY

*Darbin v. Nourse*, 664 F.2d 1109, 1114-15 (9th Cir. 1981)(requiring that the jury be asked on voir dire if they were inclined to believe police officers over other witnesses stating, "If the jurors were to give undue weight to the testimony of law enforcement officers because of their official positions, the jurors would be precluded from properly weighing and evaluating the facts relating to the central issue in the case.").

This instruction is necessary because it helps to even the playing field. As the Court is aware, whether they admit it or not, most jurors are biased in favor of the police. In his concurring opinion in *Darbin, supra* Judge Kennedy so stated, "These principles [believing police officers are more trustworthy and honest] are consistent with responsible citizenship . . ." *Id.* at 1116. This instruction serves as a reminder to the jury at the close of evidence, that those biases cannot affect their decision-making process.

-44-

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' OBJECTIONS**

This instruction is unnecessary. The jury will already be instructed with plaintiffs' special jury instruction indicating all persons are equal before the law.  Further, the case cited by plaintiffs for creation of this instruction involves inquiries on voir dire, not instructions to the jury.  Having an additional instruction regarding this issue goes beyond ensuring the jury will view all testimony equally as it is designed to cast doubt on the testimony of an officer.

# PLAINTIFFS' INSTRUCTION NO. 44

## Notice, Knowledge -- Duty of Inquiry

The means of knowledge are ordinarily the equivalent in the law to actual knowledge.  If it appears from the evidence in the case that a person had information which would lead a reasonably prudent person to make inquiry through which he would surely learn the facts, then this person may be found to have had actual knowledge of those facts, the same as if he made such inquiry and had actually learned such facts.

That is to say, the law will charge a person with notice and knowledge of whatever he would have learned, upon making such inquiry as it would have been reasonable to expect him to make under the circumstances.

Knowledge or notice may also be established by circumstantial evidence.  If it appears that a certain condition has existed for a substantial period of time, and that the person had regular opportunities to observe the condition, then you may draw the inference that the person had knowledge of the condition.

Tanore is presumed to have possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances.

## PLAINTIFFS' AUTHORITY

O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, Section 104.24, p. 148  (5th ed. West 2000); *Sevigny v. Dicksey*, 846 F.2d 953, 957, fn. 5 (4th Cir. 1988).

This instruction is necessary in order to give the jury a complete understanding of the law that applies to the facts involved in this case. Much testimony will relate to Javier, Jr.'s criminal history, what it said, what it didn't say, what the entries meant, etc. Defendants should not be able to take the position that the rap sheet did not put Tanore

1   on notice that Javier, Jr. might be in prison. The Ninth Circuit already ruled in plaintiffs'

2   favor on this issue. The jury needs to be informed that any such defense is improper.

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OBJECTIONS**

Notice is not an element of any of plaintiffs' claims. Therefore the notice instructions are unnecessary and confusing. Plaintiffs are attempting to bootstrap their intent/recklessness claims into some form of implied negligence.

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 45**

**Notice -- When Implied**


Every person who has actual notice of circumstances sufficient to put a prudent man upon inquiry as to a particular fact, has constructive notice of the fact itself in all cases in which, by prosecuting such inquiry, he might have learned such fact.


AUTHORITY

California Civil Code § 19; *see also* California Civil Code § 1714, subd. (a).

00086810.WPD

1

**DEFENDANTS' OBJECTIONS**

Notice is not an element of any of plaintiffs' claims. Therefore the notice instructions are unnecessary and confusing. Plaintiffs are attempting to bootstrap their intent/recklessness claims into some form of implied negligence.

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 46

### Affiants Are Required to Tell the Whole Truth

In drafting a warrant affidavit, the affiant, Tanore, is required to tell the total story. By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning. An affiant may not intentionally or recklessly omit facts required to prevent technically true statements in the affidavit from being misleading.

### PLAINTIFFS' AUTHORITY

*United States v. Stanert*, 762 F.2d 775, 781 (9th Cir. 1985) ("The use of deliberately falsified information is not the only way by which police officers can mislead a magistrate when making a probable cause determination. By reporting less than the total story, an affiant can manipulate the inferences a magistrate will draw. To allow a magistrate to be misled in such a manner could denude the probable cause requirement of all real meaning."); *Lombardi v. City of El Cajon*, 117 F.3d 1117, 1123 (9th Cir. 1997) (quoting *Stanert*); *United States v. Meling*, 47 F.3d 1546, 1554 (9th Cir.) (Applying the *Franks* test to omissions and finding sufficient "a substantial showing that the FBI deliberately omitted information concerning [cooperating witness's] credibility"), *cert denied*, 516 U.S. 843 (1995).

This instruction is required because the Court needs to officially inform the jury of the affiant's responsibilities when applying for a warrant. An explanation of those duties from counsel, the witnesses and the expert witnesses, while helpful to the jury, are inadequate. The jury needs the Court to explain the law in a completely unbiased manner.

00086810.WPD

**DEFENDANTS' OBJECTIONS**

This instruction is unnecessary as it would be used to determine whether or not probable cause existed.  Plaintiffs' position is that the court has already determined there was no probable cause. Two of the cases cited deal with motions to suppress, the third deals with qualified immunity. According to plaintiffs' own contention, none of these are at issue following the ruling by the Ninth Circuit in this case. As a result, this instruction is nothing more than an attempt to prejudice the jury against Detective Tanore.

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## PLAINTIFFS' INSTRUCTION NO. 47

### Peace Officer's Duty to Investigate

It is incumbent upon law enforcement officials to make a thorough investigation and exercise reasonable judgment.  A police officer may not close her or his eyes to facts that would help clarify the circumstances.  A police officer evaluating a situation for probable cause must utilize the means at hand to minimize the risk of error. Reasonable avenues of investigation must be pursued.

### PLAINTIFFS' AUTHORITY

This is a correct statement of the law.  *Arpin v. Santa Clara Valley Transportation Agency*, 261 F.3d 912, 925  (9th Cir. 2001) (If officers did not "independently investigate [accuser's] claim of battery, they did not have probable cause to arrest Arpin."); *Wallis v. Spencer*, 202 F.3d 1126, 1138 (9th Cir. 1999)("officer has duty to 'make a thorough investigation and exercise reasonable judgment before invoking the awesome power of arrest and detention'"); *Bevier v. Hucal*, 806 F.2d 123, 126 (7th Cir. 1986) ("it is incumbent upon law enforcement officials to make a thorough investigation and exercise reasonable judgment before invoking the awesome power of arrest and detention," quoting *Moore v. The Marketplace Restaurant*, 754 F.2d 1336 (7th Cir. 1985); "A police officer may not close her or his eyes to facts that would help clarify the circumstances of an arrest. Reasonable avenues of investigation must be pursued especially when, as here, it is unclear whether a crime had even taken place."  "a police officer evaluating a situation for probable cause must utilize the means at hand to minimize the risk of error. See 1 LaFave, Search & Seizure § 3.2, at 467."); *Merriman v. Walton*, 856 F.2d 1333, 1335 (9th Cir. 1988). *See also* O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, Section 104.24, p. 148    (5th ed. West 2000). Similar to the previous

instruction regarding the affiant's responsibility to tell the whole story to the magistrate reviewing the warrant, this instruction is also required so that the Court can officially inform the jury of the affiant's responsibilities when applying for a warrant. An explanation of those duties from counsel, the witnesses and the expert witnesses, while helpful to the jury, are inadequate. The jury needs the Court to explain the law in a completely unbiased manner.

00086810.WPD

**DEFENDANTS' OBJECTIONS**

This instruction and the cases cited deal with probable cause and qualified immunity.

Again, according to plaintiffs' own contentions, these issues are irrelevant to this trial.

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 48**

**Information Chargeable to a Peace Officer**

Objective inquiry into the reasonableness of an officer's perception of the critical facts must charge the officer with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances.

AUTHORITY

*Sevigny v. Dicksey*, 846 F.2d 953, 957 n.5 (4th Cir. 1988) ("Objective inquiry into the reasonableness of an officer's perception of the critical facts leading to an arrest must . . . charge him with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances."); *see also Wallis  ex rel. Wallis v. Spencer,* 202 F.3d 1126, 1138 (9th Cir. 1999); O'Malley, Grenig, Lee, Federal Jury Practice and Instructions, Section 104.24, p. 148   (5th ed. West 2000).

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## DEFENDANTS' OBJECTIONS

This instruction and the cases cited deal with probable cause and qualified immunity. Again, according to plaintiffs' own contentions, these issues are irrelevant to this trial.

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 49

### Officer's Subjective Beliefs Are Irrelevant

An officer's subjective beliefs about the matter, however induced, are irrelevant to the necessary objective inquiry into the reasonableness of an officer's perception of the critical facts. That is, you should not be concerned with Tanore's subjective understanding of the facts, but rather with the understanding that a reasonably informed police officers should have had of them.

## PLAINTIFFS' AUTHORITY

This instruction is a correct statement of the law and required to inform the jury that the standard upon which they are to make their determination about Tanore's conduct is objective rather than subjective. It is firmly established that Fourth Amendment "reasonableness" is determined by an objective rather than a subjective standard:

> Fourth Amendment reasonableness "is predominantly an objective inquiry."
> [Citations.] We ask whether "the circumstances, viewed objectively, justify
> [the challenged] action." [Citations.]  If so, that action was reasonable "
> whatever the subjective intent" motivating the relevant officials. [Citations.]
> This approach recognizes that the Fourth Amendment regulates conduct
> rather than thoughts, [citations] and it promotes evenhanded, uniform
> enforcement of the law [citations].

*Ashcroft v. al-Kidd,* 563 U.S. *, 131 S.Ct. 2074, 2080 (2011).

It is equally clear that objective standards also determine whether a defendant is entitled to qualified immunity:

00086810.WPD

The relevant question . . . is the objective (albeit fact-specific) question whether a reasonable officer could have believed Anderson's warrantless search to be lawful, in light of clearly established law and the information the searching officers possessed. Anderson's subjective beliefs about the search are irrelevant.

*Anderson v. Creighton,* 483 U.S. 635, 641 (1987); *see also Sevigny v. Dicksey*, 846 F.2d 953, 957 fn.5 (4th Cir. 1988)("Objective inquiry into the reasonableness of an officer's perception of the critical facts leading to an arrest must . . . charge him with possession of all the information reasonably discoverable by an officer acting reasonably under the circumstances."; "*his subjective beliefs about the matter, however induced, are . . . "irrelevant" to the inquiry.*" (emphasis added)).

Although this Court on summary judgment already determined that Tanore is not entitled to qualified immunity, the qualified immunity question is similar to the question of whether the officer acted intentionally or with reckless disregard for the truth. What an individual subjectively believes is not the standard. Recent, strong, Supreme Court and Circuit decisions support this view.

Since *Whren v. United States*, 517 U.S. 806, 812-813 (1996), the Supreme Court has made it increasingly clearer that the standard is objective reasonableness, not subjective belief. *Herring v. US*, 555 U.S. 135(2009), a bad warrant case, citing both *Franks v. Delaware*, 438 U.S. 154 (1978), and *US v. Leon*, 468 U.S. 897 (1984), focused on the "objectively ascertainable question" of what "a reasonably well trained officer" would have done, not on the individual officer's "subjective intent." 555 U.S. at 145-46. *Ashcroft v. al-Kidd*, 131S.Ct.2074,2080(2011) further underscored the irrelevance of subjective intent—except in "special-needs and administrative-search cases," 131 U.S. at 2080.  "Judicial deception" falls into neither category. See 131 U.S. at 2081.

-59-

00086810.WPD

Consequently, the first question should be whether "the misrepresentations or omissions were made *intentionally* or with reckless disregard for the truth," as the Ninth Circuit held in *this* case (*Bravo, supra*. at 1083 (italics added). "Intentionally" should mean "not by mistake." It should *not* mean "with the intention of deceiving the magistrate;" which is clearly not the correct standard. *Id.*

The second issue should be what a reasonably well-trained officer would do, not what an individual subjectively believed. *Lombardi v. City of El Cajon*, 117 F.3d 1117 (9th Cir. 1997). In *Lombardi*, the officer who applied for the warrant left out of the affidavit the relationship between the informants and the suspect (one was the suspect's battered ex-girlfriend and the other was her son). The officer claimed he had to keep their identities confidential so they could be safe. That is, the officer claimed she left the information out not accidently, but intentionally for what he believed to be a good reason. The Court found:

> it is undisputed that Shakowski deliberately and knowingly omitted from the affidavit information that might identify the informants in the affidavit. He did this for the purpose of protecting them from retaliation by Lombardi, not for the purpose of misleading the magistrate; but this does not matter because Shakowski's subjective motivations are irrelevant. The information was left out intentionally, not negligently, and that's enough to satisfy the subjective intent requirement of *Franks* and *Hervey*.

*Lombardi,* at 1126.

Although the *Lombardi* Court refers to the intent requirement as "subjective," the Court in essence applies ab objective test because the only question is whether the officer left out the information accidently or not. Why it was done is not part of the equation.

-60-

00086810.WPD

**DEFENDANTS' OBJECTIONS**

This instruction is unnecessary as there will be no inquiry regarding the reasonableness of Detective Tanore's actions. The only issue before the court and before the jury will be whether Detective Tanore acted intentionally or recklessly in omitting the information. Plaintiffs are again attempting to instruct the jury regarding objective reasonableness while taking the position that it has already been established that the actions of Tanore were unreasonable. In fact, the officer's subjective beliefs are directly relevant to whether they made an intentional omission. With the exception of the Lombardi case, all the cases cited by Plaintiffs deal with qualified immunity or criminal actions. Lombardi expressly refers to a subjective intent requirement and also deals with qualified immunity which is not at issue in the present case.

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 50

### Approval of a Warrant Affidavit or Issuance of a Warrant Is
### Irrelevant to the Issue of the Officer's Reasonableness

The fact that Tanore gained the Deputy District Attorney's approval of his warrant affidavit; and the fact that a court issued the warrant he sought, does not affect your determination of whether Tanore acted intentionally or recklessly in omitting the material information identified in these instructions.

## PLAINTIFFS' AUTHORITY

This instruction is a correct statement of the law. *Malley v. Briggs*, 475 U.S. 335, 341 (1986) (the fact that a neutral magistrate has issued a warrant does not mean the affiant's conduct was objectively reasonable and that he is automatically entitled to immunity); *Greenstreet v. County of San Bernardino*, 41 F.3d 1306, 1310 (9th Cir. 1994) ("The *Malley* Court recognized that under certain circumstances, it is possible that a magistrate will issue a warrant when one should not be authorized. The Court put the burden on the officer applying for the warrant to minimize this danger by exercising reasonable professional judgment."); *Los Angeles Police Protective League v. Gates*, 907 F.2d 879, 888 (9th Cir. 1990); *Poolaw v. Marcantel*, 565 F.3d 721, 735 (10th Cir. 2009) ("[T]he issuance of the warrant simply does not control the outcome of our inquiry into the officers' exercise of their own professional judgment."); *KRL v. Estate of Moore*, 512 F.3d 1184, 1192 (9th Cir. 2008) (Approval by an attorney and a magistrate did not justify reasonable reliance, because the lack of probable cause was so obvious that any reasonable officer reading the warrant would conclude that the warrant was facially

invalid."); *Coolidge v. New Hampshire*, 403 U.S. 443 (1971) (determination of probable cause by state attorney general was invalid).

Defendants' reliance on *Messerschmidt v. Millender*, 132 S. Ct. 1235 (2012) is misplaced. That case has nothing to do with *Bravo*. All that happened in *Messerschmidt* was that the affiant was given based on the second prong of qualified immunity for drafting an overbroad warrant (law not clearly established). *Messerschmidt* said nothing about the subsequent search of the residence and did not disturb the holding in *Malley v. Briggs, supra.  Millender, supra.* at 1245.

00086810.WPD

**DEFENDANTS' OBJECTIONS**

Once again, the plaintiffs are seeking to instruct the jury with regard to an issue of reasonableness despite the fact the only issue is whether Tanore acted intentionally or recklessly. Furthermore, the cases cited in support of this instruction deal with issues of qualified immunity or probable cause, which will not be in front of the jury in the present case. Further, this instruction is directly contrary to the US Supreme court holding in *Messerschmidt v. Millender* (2012) 132 S. Ct. 1235. Furthermore, plaintiffs' submission of this instruction without reference to *Messerschmidt* is questionable as plaintiffs' counsel were counsel of record in the *Messerschmidt* case.

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 51

### Negligent Supervision of Employee

Plaintiffs claim that they were harmed by defendant Tanore and other members of the Santa Maria Police Department including Eligil Lara, and that defendants Ralston and Macagni, and/or other supervisors are responsible for that harm because they negligently supervised Tanore and Lara. To establish this claim, plaintiffs must prove all of the following:

1. That Tanore, Lara and/or other Santa Maria employees were unfit or incompetent to perform the work for which they were hired;

2. That Ralston, Macagni and/or other supervisors knew or should have known that Tanore, Lara and/or other Santa Maria employees were unfit or incompetent and that this unfitness or incompetence created a particular risk to others;

3. That Tanore, Lara and/or other Santa Maria employees' unfitness and/or incompetence harmed plaintiffs; and

4. That Ralston, Macagni and/or other supersivors' negligence in supervising Tanore, Lara and/or other Santa maria employees was a substantial factor in causing one or more plaintiffs' harm.

### PLAINTIFFS' AUTHORITY

This instruction is CACI 426. It applies to the fact of this case and reflects one of plaintiffs' theories of liability. Jury instructions must be formulated so that they fairly and adequately cover the issues presented, correctly state the law, and are not misleading. *Chuman v. Wright*, 76 F.3d 292, 294 (9th Cir.1996). "The instructions must allow the jury to determine the issues presented intelligently."*Fikes v. Cleghorn,* 47 F.3d 1011, 1013 (9th

00086810.WPD

Cir. 1995)."In evaluating jury instructions, prejudicial error results when, looking to the instructions as a whole, the substance of the applicable law was [not] fairly and correctly covered." *Swinton v. Potomac Corp*., 270 F.3d 794, 802 (9th Cir.2001) (*cert denied*, 535 U.S. 1018 (2002).  A party has "of course, the right to require that [a] general instruction be supplemented by another calling attention to" the law more particularly governing the case. *Louisville & N. R. Co. v. Holloway*, 246 U.S. 525, 528 (1918) (Brandeis); *see Soule v. General Motors Corporation*, 8 Cal.4th 548, 572 (1994) ("A party is entitled upon request to correct, nonargumentative instructions on every theory of the case advanced by him which is supported by substantial evidence. The trial court may not force the litigant to rely on abstract generalities, but must instruct in specific terms that relate the party's theory to the particular case.").

This claim was not included in plaintiffs' appeal to the Ninth Circuit because plaintiffs did not feel it was appropriate given the law at the time the appeal was filed. However, just after the opinion issued in this case on December 9, 2011, on March 8, 2012 the California Supreme Court ruled that a public entity can be held vicariously liable for the negligent supervision of its employees in *C.A. v. William S. Hart Union High School District*, 53 Cal.4th 861, 865 (2012) ("a public school district may be vicariously liable under section 815.2 for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who sexually harasses and abuses a student.").  Therefore, plaintiffs believe it is appropriate to reinstate this claim.

00086810.WPD

**DEFENDANTS' OBJECTIONS**

Plaintiffs may not proceed against the defendants on any state law claims. This issue has been previously addressed by the court. The May 10, 2012, joint status report filed by the parties addressed this issue. In that report, plaintiffs stated: "Plaintiffs seek to file a Motion for Reconsideration on the dismissal of the state-law negligent training and supervision claim in light of a recent California Supreme Court decision. In *C.A. v. William S. Hart Union High School District*, 53 Cal.4th 861, 879 (2012), the California Supreme Court held "a public school district may be vicariously liable under section 815.2 for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who sexually harasses and abuses a student." Given this recent decision, Plaintiffs believe reconsideration under L.R. 7-8(b) is appropriate. Defendants pointed out that the case cited by plaintiffs was specific to claims against school districts due to sexual assaults, did not create any new right of action in police procedures cases, and that plaintiffs only previously appealed their section 1983 claims. 5/10/2102 [sic] Joint Report 2:11-3:1. This was a response to the court's prior Civil Minute order which stated "The Court will not revisit or reopen claims already dismissed by Judge Cooper and not appealed." 3/19/2012 Civil Minutes-Further Status Conference. Plaintiffs never filed a motion for reconsideration and are still bound by the court's order that they may not revisit or reopen claims dismissed and not appealed which include their prior civil claim for liability of the City based on Respondeat Superior under California Government Code section 815.2. See 2/6/12 Joint Report 4:9-13.

**PLAINTIFFS' INSTRUCTION NO. 52**

**Basic Standard of Care**

Negligence is the failure to use reasonable care to prevent harm to oneself or to others. A person can be negligent by acting or by failing to act. A person is negligent if he or she does something that a reasonably careful person would not do in the same situation or fails to do something that a reasonably careful person would do in the same situation.

You must decide how a reasonably careful person would have acted in Ralston and Macagni's positions as supervisors.

**PLAINTIFFS' AUTHORITY**

This instruction is CACI 401. Should the Court agree to reinstate plaintiffs' negligent supervision theory of liability, this instruction needs to be given with the others on that theory. It applies to the fact of this case and reflects one of plaintiffs' theories of liability.

00086810.WPD

**DEFENDANTS' OBJECTION**

Plaintiffs may not proceed against the defendants on any state law claims. This issue has been previously addressed by the court.  The May 10, 2012, joint status report filed by the parties addressed this issue. In that report, plaintiffs stated: "Plaintiffs seek to file a Motion for Reconsideration on the dismissal of the state-law negligent training and supervision claim in light of a recent California Supreme Court decision.  In *C.A. v. William S. Hart Union High School District*, 53 Cal.4th 861, 879 (2012), the California Supreme Court held "a public school district may be vicariously liable under section 815.2 for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who sexually harasses and abuses a student." Given this recent decision, Plaintiffs believe reconsideration under L.R. 7-8(b) is appropriate. Defendants pointed out that the case cited by plaintiffs was specific to claims against school districts due to sexual assaults, did not create any new right of action in police procedures cases, and that plaintiffs only previously appealed their section 1983 claims. 5/10/2102 [sic] Joint Report 2:11-3:1.  This was a response to the court's prior Civil Minute order which stated "The Court will not revisit or reopen claims already dismissed by Judge Cooper and not appealed." 3/19/2012 Civil Minutes-Further Status Conference. Plaintiffs never filed a motion for reconsideration and are still bound by the court's order that they may not revisit or reopen claims dismissed and not appealed which include their prior civil claim for liability of the City based on Respondeat Superior under California Government Code section 815.2. See 2/6/12 Joint Report 4:9-13.

**PLAINTIFFS' INSTRUCTION NO. 53**

**Causation: Substantial Factor**

A substantial factor in causing harm is a factor that a reasonable person would consider to have contributed to the harm. It must be more than a remote or trivial factor. It does not have to be the only cause of the harm.

[Conduct is not a substantial factor in causing harm if the same harm would have occurred without the conduct.]

**PLAINTIFFS' AUTHORITY**

This instruction is CACI 430. Should the Court agree to reinstate plaintiffs' negligent supervision theory of liability, this instruction needs to be given with the others on that theory. It applies to the fact of this case and reflects one of plaintiffs' theories of liability.

00086810.WPD

1

### DEFENDANTS' OBJECTIONS

2

Plaintiffs may not proceed against the defendants on any state law claims. This issue has

3

been previously addressed by the court.  The May 10, 2012, joint status report filed by

4

the parties addressed this issue. In that report, plaintiffs stated: "Plaintiffs seek to file a

5

Motion for Reconsideration on the dismissal of the state-law negligent training and

6

supervision claim in light of a recent California Supreme Court decision.  In *C.A. v.*

7

*William S. Hart Union High School District*, 53 Cal.4th 861, 879 (2012), the California

8

Supreme Court held "a public school district may be vicariously liable under section

9

815.2 for the negligence of administrators or supervisors in hiring, supervising and

10

retaining a school employee who sexually harasses and abuses a student." Given this

11

recent decision, Plaintiffs believe reconsideration under L.R. 7-8(b) is appropriate.

12

Defendants pointed out that the case cited by plaintiffs was specific to claims against

13

school districts due to sexual assaults, did not create any new right of action in police

14

procedures cases, and that plaintiffs only previously appealed their section 1983 claims.

15

5/10/2102 [sic] Joint Report 2:11-3:1.  This was a response to the court's prior Civil

16

Minute order which stated "The Court will not revisit or reopen claims already dismissed

17

by Judge Cooper and not appealed." 3/19/2012 Civil Minutes-Further Status Conference.

18

Plaintiffs never filed a motion for reconsideration and are still bound by the court's order

19

that they may not revisit or reopen claims dismissed and not appealed which include their

20

prior civil claim for liability of the City based on Respondeat Superior under California

21

Government Code section 815.2. See 2/6/12 Joint Report 4:9-13.

22

23

24

25

26

27

28

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 54

### Liability of Public Entity

As to plaintiffs' claim for negligent supervision only, defendants City of Santa Maria and the Santa Maria Police Department are liable for injury proximately caused by an act or omission of an employee, acting within the scope of his employment, if the employee would be personally liable. Therefore, if you find Ralston and/or Macagni negligently supervised Tanore and/or Lara, the City of Santa Maria and the Santa Maria Police Department will be held liable.

## PLAINTIFFS' AUTHORITY

This instruction correctly states the law. *C.A. v. William S. Hart Union High School District*, 53 Cal.4th 861, 865 (2012) ("a public school district may be vicariously liable under section 815.2 for the negligence of administrators or supervisors in hiring, supervising and retaining a school employee who sexually harasses and abuses a student."); California Government Code § 815.2(a); *Robinson v. Solano County*, 278 F.3d 1007 (9th Cir. 2002) (*en banc*) ("California, however, has rejected the *Monell* rule and imposes liability on counties under the doctrine of *respondeat superior* for acts of county employees."); *Mary M. v. City of Los Angeles*, 54 Cal.3d 202, 211, 215, 285 Cal. Rptr. 99, 106 (1991) (The California Supreme Court affirmed that Cal. Gov't Code § 815.2(a) should be given the broadest possible reach "to ensure that the victims of police misconduct are compensated."); *Torsiello v. Oakland Unified Sch. Dist.*, 197 Cal.App.3d 41, 44-45 (1987) (" [I]n a cause of action for negligence, the existence and extent of an entity's vicarious liability under Government Code section 815.2, subdivision (a), will be determined by the scope of duty legally attributed to its employees."); *Grudt v. City of Los Angeles*, 2 Cal.3d 575, 583-84 (1970). California law has recognized the

liability of supervisors, and their public employers, for such negligence for at least sixty years. *Fernelius v. Pierce*, 22 Cal. 2d 226, 233-34 (1943) (police chief). *See also Ortega v. Pajaro Valley Unified School District*, 64 Cal. App.4th 1023, 1045 n.15 (1998); *City of Alhambra v. Superior Court*, 110 Cal.App.3d 513, 517 (1980); *White v. Superior Court*, 225 Cal.App.3d 1505, 1515 (1990).

Should the Court agree to reinstate plaintiffs' negligent supervision theory of liability, this instruction needs to be given with the others on that theory. It applies to the fact of this case and reflects one of plaintiffs' theories of liability.

00086810.WPD

1

**DEFENDANTS' OBJECTIONS**

2   Plaintiffs may not proceed against the defendants on any state law claims. This issue has

3   been previously addressed by the court.  The May 10, 2012, joint status report filed by

4   the parties addressed this issue. In that report, plaintiffs stated: "Plaintiffs seek to file a

5   Motion for Reconsideration on the dismissal of the state-law negligent training and

6   supervision claim in light of a recent California Supreme Court decision.  In *C.A. v.*

7   *William S. Hart Union High School District*, 53 Cal.4th 861, 879 (2012), the California

8   Supreme Court held "a public school district may be vicariously liable under section

9   815.2 for the negligence of administrators or supervisors in hiring, supervising and

10   retaining a school employee who sexually harasses and abuses a student." Given this

11   recent decision, Plaintiffs believe reconsideration under L.R. 7-8(b) is appropriate.

12   Defendants pointed out that the case cited by plaintiffs was specific to claims against

13   school districts due to sexual assaults, did not create any new right of action in police

14   procedures cases, and that plaintiffs only previously appealed their section 1983 claims.

15   5/10/2102 [sic] Joint Report 2:11-3:1.  This was a response to the court's prior Civil

16   Minute order which stated "The Court will not revisit or reopen claims already dismissed

17   by Judge Cooper and not appealed." 3/19/2012 Civil Minutes-Further Status Conference.

18   Plaintiffs never filed a motion for reconsideration and are still bound by the court's order

19   that they may not revisit or reopen claims dismissed and not appealed which include their

20   prior civil claim for liability of the City based on Respondeat Superior under California

21   Government Code section 815.2. See 2/6/12 Joint Report 4:9-13.

22

23

24

25

26

27

28

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## PLAINTIFFS' INSTRUCTION NO. 55

## Suppression or Fabrication of Evidence

An attempt to suppress or to fabricate evidence by a defendant after the fact, is not sufficient to establish liability.  You may consider evidence of such an attempt, however, along with the other evidence in the case, in determining liability.  Whether an attempt at fabrication or suppression of evidence shows consciousness of liability, and the significance to be attached to any such attempt are matters for the jury to determine.

## PLAINTIFFS' AUTHORITY

Vol. 1, Devitt & Blackmar, Section l5.09, p. 464 (West l977) (as modified). The instruction is appropriate because there is evidence upon which the jury could conclude defendants suppressed records of Dr. Crespo's evaluation of Plaintiffs where Dr. Crespo was retained by *defendants* to examine Plaintiffs and opine on their injuries.

00086810.WPD

**DEFENDANTS' OBJECTION**

Defendants' object to this request as there is no evidence that defendants have attempted to suppress or fabricate evidence.  Defendants assume this instruction is aimed at issues addressed in Defendants' motion in limine regarding Dr. Crespo (Number 4) and incorporate those arguments herein.

00086810.WPD

## PLAINTIFFS' INSTRUCTION NO. 56

### Damages re: "Eggshell Plaintiff"

The law provides that a wrongdoer will take his victim as he finds him, and, if the victim is particularly susceptible to experiencing traumatic injuries or pain as a result of a preexisting physical or mental condition, then the defendant will still be responsible for making the plaintiff whole. A defendant will be held responsible where the effect of its conduct is to aggravate a preexisting condition or disease. It is no defense to an award of full damages that the plaintiff's injury was amplified by the preexisting condition for which the defendant was not responsible.

## PLAINTIFFS' AUTHORITY

*Matlock v. Greyhound Lines, Inc*., 2010 U.S. Dist. LEXIS 92359, *13 (D. Nev. 2010) (eggshell plaintiff jury instruction was proper) citing *Gibson v. County of Washoe*, Nev., 290 F.3d 1175, 1192-93 (9th Cir. 2002) (applying eggshell plaintiff doctrine to §1983 case); *Pierce v. Southern Pacific Transp. Co.*, 823 F.2d 1366, 1372 at fn.2 (9th Cir. 1987) (applying eggshell plaintiff rule to emotional injuries); *Memphis Community School District v. Stachura*, 477 U.S. 299, 306 (1986)(where a plaintiff seeks damages under § 1983, "the level of damages is ordinarily determined according to principles derived from the common law of torts").

CACI 3927 ("Aggravation of Preexisting Condition or Disability. [Name of plaintiff] is not entitled to damages for any physical or emotional condition that [he/she] had before [name of defendant]'s conduct occurred. However, if [name of plaintiff] had a physical or emotional condition that was made worse by [name of defendant]'s wrongful conduct,

you must award damages that will reasonably and fairly compensate [him/her] for the effect on that condition.")

CACI 3928 ("Unusually Susceptible Plaintiff. You must decide the full amount of money that will reasonably and fairly compensate [name of plaintiff] for all damages caused by the wrongful conduct of [name of defendant], even if [name of plaintiff] was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury."

**DEFENDANTS' OBJECTION**

Defendants' object to plaintiffs' specially prepared instruction as it is unnecessarily drawn out and prejudicial to defendants. The court should give the CACI instruction referenced by plaintiffs instead.

3928 Unusually Susceptible Plaintiff

You must decide the full amount of money that will reasonably and fairly compensate [name of plaintiff] for all damages caused by the wrongful conduct of [name of defendant], even if [name of plaintiff] was more susceptible to injury than a normally healthy person would have been, and even if a normally healthy person would not have suffered similar injury.

00086810.WPD

**PLAINTIFFS' INSTRUCTION NO. 56(A)**

**Elements for § 1983 Claim Against Municipal Entity**

To prevail on their § 1983 claim against defendants City of Santa Maria and Santa Maria Police Department alleging liability based on an official policy, practice, or custom, the plaintiffs must prove each of the following elements by a preponderance of the evidence:

1.      One or more Santa Maria officers acted under color of law. This element has been established and requires no further proof;

2.      The acts of one or more Santa Maria officers deprived the plaintiffs of their particular rights under the United States Constitution. This element has been established and requires no further proof; and

3.      One or more Santa Maria officers acted pursuant to an expressly adopted official policy or a longstanding practice or custom of the defendant.

"Official policy" means a rule or regulation promulgated, adopted, or ratified by the defendant City of Santa Maria and/or Santa Maria Police Department.

"Practice or custom" means any permanent, widespread, well-settled practice or custom that constitutes a standard operating procedure of the defendant City of Santa Maria and/or Santa Maria Police Department.

00086810.WPD

1    If you find the plaintiffs have proved each of these elements, your verdict should

2    be for the plaintiffs.  If, on the other hand, the plaintiffs have failed to prove any one or

3    more of these elements, your verdict should be for the defendant.

4

5

6                            **PLAINTIFF'S AUTHORITY**

7    9th Cir. Model Civil Jury Instructions 9.4. Defendants have agreed that the first element

8    is satisfied (see proposed Pretrial Conference Order Part V ¶5). Regarding the second

9    element, the Ninth Circuit held that the warrant was not supported by probable cause and

10   did not justify the nighttime entry and search  (*Bravo v. City of Santa*, 665 F.3d 1076,

11   1084-86, (9th Cir. 2011); see also Court's 8/28/12 Order (doc. 190) 8:18-22 ("None of

12   Defendants' arguments can avoid the conclusive effect of the Ninth Circuit's holding that

13   the search warrant was invalid because of the material omission of Javier Jr.'s custody

14   status, and that the warrant in any case did not present cause for a nighttime SWAT

15   search.").

16

17

18

19

20

21

22

23

24

25

26

27

28

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' OBJECTION**

This instruction omits the full language in the past paragraph that refers to a verdict for defendant if plaintiff fails to prove all necessary elements.   Alternatively, it is unnecessary and confusing to instruct the jury regarding what plaintiffs must prove and then instruct them that it has already been proven. This instruction is misleading and overbroad.   While the Ninth Circuit did purport to make a finding regarding probable cause/deprivation of rights, it did not make a finding that the acts of Santa Maria officials caused the deprivation. "Because there are triable issues of fact concerning whether Tanore's conduct triggers any liability, it is premature to rule on the City's derivative *Monell* liability." August 28, 2012, Order Re: Plaintiffs' Motion for Partial Summary Judgment 15:20-22.  The cases cited by plaintiffs do not change this prior ruling as they refer to qualified immunity cases and cases where the specifically acting officer was not identified. The liability in this case derives solely from the actions of Tanore and is dependent on a finding that Tanore is liable as outlined in the Ninth Circuit Appellate case and the prior motion for Partial Summary Judgment.

00086810.WPD

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**DEFENDANTS' PROPOSED INSTRUCTIONS**

**TO WHICH PLAINTIFFS OBJECT**

00086810.WPD

**DEFENDANTS' INSTRUCTION NO. 57**

**Burden of Proof - Clear and Convincing Evidence**


When a party has the burden of proving any claim or defense by clear and convincing evidence, it means you must be persuaded by the evidence that the claim or defense is highly probable. This is a higher standard of proof than proof by a preponderance of the evidence.

You should base your decision on all of the evidence, regardless of which party presented it.


**DEFENDANTS' AUTHORITY**

9th Cir. 1.4. The case cited by plaintiffs deals with maritime law which is not at issue in this case.

00086810.WPD

1

2

## PLAINTIFFS' OBJECTIONS

3

4          This instruction is not applicable because there is nothing in this case that requires

5     a showing by clear and convincing evidence.  Only the Preponderance of the Evidence

6     Instruction should be used.  The only claims upon which the jury can award punitive

7     damages in this case is plaintiffs' federal §1983 claims. A preponderance of the evidence

8     standard is the correct standard to apply to punitive damages claims based upon federal

9     claims. See Comment to Model Instruction 5.5 citing *In re Exxon Valdez*, 270 F.3d 1215,

10    1232 (9th Cir.2001) (preponderance standard applies to punitive damages claim in

11    maritime case, citing *Pac. Mut. Life Ins. Co. v. Haslip*, 499 U.S. 1, 23 n.11 (1991)). Also,

12    in federal civil rights actions, federal common law regarding punitive damages not state

13    law, applies. *Gordon v. Norman*, 788 F.2d 1194, 1199 (7th Cir. 1986). Under federal law,

14    for punitive damages the burden of proof is by a preponderance of the evidence. *Erwin*

15    *v. County of Manitowoc*, 872 F.2d 1292, 1299 (7th Cir. 1989); *Lenard v. Argento*, 699

16    F.2d 874, 897 (7th Cir. 1983); *Karnes v. SCI Colorado Funeral Services, Inc.,*  162 F.3d

17    1077, 1081 (10th Cir. 1998); *Bird v. Figel*, 725 F. Supp. 406, 412 (N.D. Ind. 1989).

18

19

20

21

22

23

24

25

26

27

28

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DEFENDANTS' INSTRUCTION NO. 58

## Stipulated Testimony

The parties have agreed that [witness]'s testimony would be if called as a witness. You should consider that testimony in the same way as if it had been given here in court.

## DEFENDANTS' AUTHORITY

9th Cir. 2.1

00086810.WPD

**PLAINTIFFS' OBJECTIONS**

Defendants have not identified anyone to whose testimony they are referring. Therefore, this instruction is unnecessary.

00086810.WPD

**DEFENDANTS' INSTRUCTION NO. 59**

**Impeachment Evidence - Witness**


The evidence that a witness has been convicted of a crime may be considered, along with all other evidence, in deciding whether or not to believe the witness and how much weight to give to the testimony of the witness and for no other purpose.


**DEFENDANTS' AUTHORITY**

9th Cir. 2.8

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OBJECTIONS**

Defendants have not identified any witness to whose testimony they are referring, nor any conviction they intend to use for this purpose. Plaintiffs may object depending upon who the witness is, what the conviction is for, when it occurred, etc. Furthermore, Fed. Rules of Evidence, Rule 609 may bar use of the conviction.

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DEFENDANTS' INSTRUCTION NO. 60**

**Damages - Mitigation**

The plaintiff has a duty to use reasonable efforts to mitigate damages. To mitigate means to avoid or reduce damages.

The defendant has the burden of proving by a preponderance of the evidence:

1.     that the plaintiff failed to use reasonable efforts to mitigate damages; and

2.     the amount by which damages would have been mitigated.

**DEFENDANTS' AUTHORITY**

9th Cir. 5.3. Defendants have outlined their evidence in support of the failure to mitigate damages in the pretrial order.

00086810.WPD

1

**PLAINTIFFS' OBJECTIONS**

2

3

There is no evidence that any plaintiff failed to mitigate their damages. Therefore

4

this instruction is unnecessary.

5

E.B. and Javier, Sr. both sought and received therapy from Dr. Purdy for their

6

emotional distress. E.B. also saw a school counselor. Regarding Javier, Sr.'s elbow,

7

following the healing of the fracture suffered and the elbow revision surgery, his elbow

8

eventually healed. It was not until 2012 that problems with his elbow began occurring

9

again and plaintiffs do not claim these 2012-2013 problems were caused by the incident.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

00086810.WPD

**DEFENDANTS' INSTRUCTION NO. 61**

**Damages Arising in the Future - Discount to Present Cash Value**

Any award for future economic damages must be for the present cash value of those damages.

Noneconomic damages such as pain and suffering are not reduced to present cash value.

Present cash value means the sum of money needed now, which, when invested at a reasonable rate of return, will pay future damages at the times and in the amounts that you find the damages will be incurred.

The rate of return to be applied in determining present cash value should be the interest that can reasonably be expected from safe investments that can be made by a person or ordinary prudence, who has ordinary financial experience and skill.

**DEFENDANTS' AUTHORITY**

9th Cir. 5.4

00086810.WPD

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**PLAINTIFFS' OBJECTIONS**

     Plaintiffs do not make any claims for future economic damages. Therefore this instruction is unnecessary.

00086810.WPD